### CALVIN YAWN v. THE STATE.

*No. 1128.   Decided January 27th, 1897.*

*Motion for Rehearing Decided February 18th, 1897.*

**1.   Certiorari to Perfect Record—Practice on Appeal.**

On appeal the court cannot, by writ of certiorari, force the County Judge to sign a statement of facts—nor correct a motion for a new trial in the trial court.

**2.   Same.**

Before a writ of certiorari will be awarded to perfect the record, it must be shown, in some manner, that the record is deficient in respect to the matters sought to be corrected.

**3.   Bill of Exceptions to Evidence Admitted.**

A bill of exceptions reserved to admitted evidence must state the grounds of objection to the testimony, and objections not stated will be presumed to be waived.

**4.   Absence of Statement of Facts—Charge.**

On a trial for aggravated assault, a charge of court upon simple assault will be presumed correct in the absence of a statement of facts.

#### ON MOTION FOR REHEARING.

**5.   Same—Statement of Facts.**

Where it is shown that an appellant had used due diligence to procure a statement of facts which the judge approved, but, through inadvertence omitted his approval and signature until after adjournment of court, this court will consider the same as a statement of facts.

**6.   Simple Assault—Evidence Sufficient.**

On a trial for aggravated assault, where the evidence shows that defendant attempted a battery upon the prosecutor with an open knife, and was only prevented from making it by the interference of a bystander.  Held: A verdict for simple assault is amply supported by the evidence.

APPEAL from the County Court of Ellis.   Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for simple assault; penalty, a fine of $5.

The opinions sufficiently state the case.

*E. P. Anderson*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant files a motion for certiorari "to perfect the transcript in this case for the following matters:   (1) To correct the statement of facts by fixing the signature of J. C. Smith, Judge of the County Court, thereto.   (2) Appellant's motion for a new trial filed in the County Court."   This court, on the motion as presented, cannot award the writ of certiorari as prayed for.  We cannot, by a writ of certiorari, force the County Judge to sign a statement of facts, nor correct a motion for a new trial in the trial court.  Even if the matters were shown by the motion to be as indicated, recurring to the transcript before us we find what purports to be a statement of facts

filed on the 22d day of February, 1896. The court adjourned for the term on that day. The statement of facts is not signed by counsel, nor approved by the judge; and, so far as the record before us is concerned, there is nothing to indicate that opposing counsel ever saw the statement of facts, or that it was ever presented to the judge. If it had been presented to both counsel and the court, and was not signed by counsel or approved by the court as a statement of facts, we can not award the writ of certiorari to compel the trial judge to now approve the statement of facts. Where the party desires a statement of facts to be incorporated in the record, it is his duty to prepare it, present it to opposing counsel, secure his agreement to it, and, in case the opposing counsel fails to agree to the same, then it should be presented to the court in the manner prescribed by the statute in such cases, in order to secure the approval of the judge, so that it may be filed, as a statement of facts, in the record. If the court failed or refused to do so, and by this action of the court he is deprived of his statement of facts, upon a showing to this court of diligence on his part in these respects this court will reverse the judgment, but we know of no authority for issuing a certiorari to compel a judge to affix his signature to a statement of facts. There is a motion for a new trial in the record, but in what respect it is deficient is not shown in the motion for writ of certiorari. If the record is incomplete in-this respect, and the motion for a new trial is not correctly copied in the record, the writ of certiorari might be or can be awarded, in order to bring up the motion for a new trial as shown by the records below. The motion, as contained in the record, seems to be complete in all respects, is signed by counsel, and sets up three grounds why the new trial should be granted. Before a writ of certiorari will be awarded to perfect the record, it must be shown and verified in some manner that the record is deficient in respect to the matters sought to be corrected. This was not done. The writ of certiorari is refused. Appellant was convicted of simple assault, and fined five dollars, under an indictment charging him with an aggravated assault upon one H. H. Johnson with a knife, the same being a deadly weapon. On the trial of the case the State proved by Johnson that, "after defendant had left him, he (defendant) said to him he would shoot his heart out." "To which defendant objected, which objection was overruled, and defendant excepts, and tenders his bill of exceptions." Qualifying this bill, the court says: "The State proved by H. H. Johnson that, after defendant had stepped off about ten feet, defendant turned around and told Johnson that he would shoot his God-damned brains out. With this additional statement, this bill is allowed." It will be noticed that defendant states no ground of objection to the introduction of this testimony. The rule is well settled that, when no objection is stated, all objections are presumed to be waived. As presented in the bill, we are at a loss to know what objection should have been urged. It seems to have been a part and parcel of the transaction, and was clearly res gestæ. It is also con-

tended that the court erred in charging upon simple assault, and that the verdict is contrary to the law and the evidence. The evidence is not before us, and we will presume that the court was correct in charging the law in regard to simple assault. Defendant was convicted of simple assault, and, without the evidence, we will presume that the action of the court in these matters was correct. The judgment is affirmed.

*Affirmed.*

---

### ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—At a former day of this term, we refused to award a certiorari, on the ground that it appeared to us to require the judge below to approve and sign a statement of facts in the case, which we felt we had no authority to do. Appellant filed a motion for a rehearing, and we gather therefrom that the object of his motion is not to require the judge to sign the statement of facts, but that the judge had signed said statement, and the certiorari was for the purpose of obtaining a correct statement of facts, or one showing the signature of the judge to the same. In connection with the motion, we have been furnished with the affidavit of the County Judge, showing that he really did approve the statement of facts, but omitted his approval thereof and signature thereto until subsequent to the adjournment of the court, but in fact, after said adjournment of the court, did sign and approve the same. It appears that the appellant used due diligence to procure a statement of facts, and we will therefore consider the statement of facts. The indictment charged appellant with an aggravated assault. He was convicted of a simple assault, and his punishment assessed at a fine of five dollars. There are but two witnesses in the case, and their testimony shows very clearly that appellant was guilty of an attempt to make a battery on the prosecutor with an open knife. He was prevented from making such battery by the interference of a bystander. The knife is not described in the indictment further than that it was a knife, and, consequently, we are not informed whether or not it was a deadly weapon. As stated above, the conviction in this case was for a simple assault, and the evidence amply supports the finding of the jury, and the judgment is affirmed.

*Affirmed.*