## W. S. WALLS v. THE STATE.

### No. 2787.    Decided October 14, 1903.

**1.—Statement of Facts.**

A statement of facts which does not show the approval of the judge who tried the case can not be considered.

**2.—Swindling—Indictment—Requisite of Statute Construed.**

While other articles of the statute in the same chapter, viz., articles 943 and 944, defining the offense of swindling, require that "the property must be acquired, in the first instance, by some fraudulent or deceitful pretense, no authority is known inhibiting the Legislature, in article 498, from creating or making conversion of funds of ward by guardian, swindling and punishing same independent of the preceding articles defining same, notwithstanding the said article fails to embrace an essential ingredient contained in the preceding definition of swindling. Held, the court did not err in failing to quash the indictment.

ON REHEARING.

Decided November 25, 1903.

**3.—Statement of Facts—Burden of Proof.**
   Where the statement of facts does not show the approval of the trial
judge, the burden is on appellant to show that want of diligence was not his
but that of the judge. Held, where such showing is not made, the statement
of facts can not be considered.

Appeal from the District Court of Red River. Tried below Hon.
Ben H. Denton.

Appeal from a conviction of swindling; penalty, two years imprison-
ment in the penitentiary.

Appellant was tried on indictment presented in the District Court
of Red River County, charging him with swindling one Sylvy Watson,
a minor, he the said (W. S. Walls) appellant being then and there the
guardian of the said Sylvy Watson. The indictment, omitting formal por-
tions, is as follows. "That W. S. Walls, on or about the 20th day of
January, one thousand nine hundred and two (1902), and anterior to the
presentation of this indictment in the county of Red River and State
of Texas, was then and there guardian of the person and estate of Sylvy
Watson, a minor, and as such guardian, the said W. S. Walls, did then
and there have charge of the estate, real, personal and mixed, of the said
Sylvy Watson, said minor aforesaid, and the said W. S. Walls did then
and there with intent to defraud the said minor and ward, Sylvy Wat-
son, who was then and there interested in said estate as aforesaid
stated, unlawfully and fraudulently convert to his own use the property
of said estate and of said minor Sylvy Watson, to wit, twelve hundred
and fifty dollars ($1250) lawful current money of the United State of
America and of the value of twelve hundred and fifty dollars ($1250)
which said money had then and there come into and was then then and
there in possession of the said W. S. Walls, by virtue of his said guard-
ianship, he having theretofore been duly and legally appointed the
said guardian of the said minor Silvy Watson, as aforesaid stated,
against the peace and dignity of the State.

Motion was made in the court below to quash this indictment, for the
following reasons, viz:

First.   Said indictment was intended to charge the defendant with the
offense of swindling, as shown by the records of said court as well as
by indorsement on the back of said indictment.

Second.   Said indictment fails to charge the defendant in plain and
intelligible words with any act or omission which is by law declared to
be an offense.

Third.   Said indictment charges that defendant, as the duly and
legally appointed guardian of Silvy Watson, did convert to his own use
certain moneys the property of said minor, which had come into the
possession of defendant by virtue of his said guardianship, thereby in
substance charging the defendant with the offense of embezzlement as

the same is defined by the penal statutes of the State of Texas. Which definition does not include any person acting in the capacity of guardian of the estate of a minor.

Fourth. Said indictment fails to charge the elements comprehended in the definition of swindling, in that it fails to charge the defendant with acquiring the possession of the property alleged in the indictment by means of some false or deceitful pretense or device or fraudulent representations with intent to appropriate the same to his, defendant's, own use, or destroying or impairing the rights of the party justly entitled to the same. Said indictment also fails to allege acts the doing of which are included within the meaning of the term of swindling.

Fifth. Because there is no statute now in force in the State of Texas under which a guardian can be prosecuted and legally convicted for appropriating money to his own use which he has in his possession as guardian of a minor.

This motion was overruled and appellant excepted.

No further statement necessary.

*Hodges & Hunt,* for appellant.—There is no statute now in force in the State of Texas under which a guardian can be prosecuted and legally convicted for appropriating money to his own use which he has in his possession as guardian of a minor, in that article 948 of the Penal Code, page 674, providing that if any executor, administrator or guardian having charge of any estate, real, personal or mixed, shall unlawfully and with intent to defraud any creditor, heir, legatee, ward or distributee interested in such estate convert the same or any part thereof to his own use, he shall be deemed guilty of the offense of swindling, is wholly inoperative and in direct conflict with articles 943 and 944 defining and constituting swindling.

*J. C. Hodges* also filed a written argument for appellant on the motion for rehearing.

*Howard Martin,* Assistant Attorney-General, for the State.—There is but one question to be considered by this court; that it, is the indictment sufficient? The State submits that it is in accord with the form laid down by Judge White. See White's Ann. P. C., sec. 1647.

The purported statement of facts found in the record can not be considered, for the reason that the trial judge did not sign or approve the same. Without the facts there is no other question presented which is necessary to be noticed.

HENDERSON, JUDGE.—Appellant was convicted of swindling, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

What purports to be a statement of facts found in the record does

not appear to have been approved by the judge who tried the case; consequently we can not consider it.

Appellant made a motion to quash the indictment on the ground that it failed to charge the offense of swindling. He contends that article 948, Penal Code, under which the indictment is drawn, makes the conversion of property merely the offense, when articles 943 and 944 in the same chapter, which define the offense of swindling, require that the property must be acquired in the first instance by some fraudulent pretense. We quote said article 948 as follows: "If any executor, administrator, or guardian having charge of any estate, real, personal or mixed, shall unlawfully, and with intent to defraud any creditor, heir, legatee, ward or distributee, interested in such estate, convert the same, or any part thereof, to his own use, he shall be deemed guilty of the offense of swindling." It must be conceded that this article eliminates an essential element of the offense of swindling, as defined in the preceding articles of said chapter. That is, all of the authorities hold that, in order to constitute the offense of swindling, as defined in said articles, the property must be acquired in the first instance by some fraudulent or deceitful pretense or representation, and that the indictment must set out the false pretenses or representations. White's Ann. P. C., sec. 1639, sub. 4; French v. State, 14 Texas Crim. App., 76; Blum v. State, 20 Texas Crim. App., 578.

Furthermore, appellant contends, in this connection, that article 34, Penal Code, requires that every offense must be defined, and that the definition of the offense, as constituted under article 948, contravenes the definition of swindling, as found in the preceding articles, in that no false pretenses need be resorted to to acquire the property; but that, if one of the enumerated trustees shall convert the property of the heir, etc., he shall be guilty—making the guilt of such person depend solely on conversion of property that may have come to his hands.

The act as to swindling appears to have been passed in 1858, and article 948 was a part of the original act, and was embodied along with the other articles in the several codes that have been passed since that time. So that it does not occur to us that it is a matter that can be considered under the caption of the original bill; and is simply a question as to whether or not the Legislature was authorized to make conversion by a guardian of the trust funds of his ward the offense of swindling—having previously defined what constituted swindling and given it an essential element not contained in said article 948. We know of but one case decided under said article, and that is Moody v. State, 24 Texas Crim. App., 458. But the question here presented was not raised in that case.

We are now asked for the first time to pass on the legality of the article with reference to the preceding definition. Undoubtedly, under the definition of swindling, as given in articles 943 and 944, the mere conversion of funds by a guardian would not constitute the offense of swindling, but rather, under our view, be embezzlement; yet we know of

no authority which would inhibit the Legislature from creating or making the conversion by a guardian of the funds of his ward swindling, and punish it as such, independent of the preceding subdivisions defining swindling, and notwithstanding said article does not embrace an essential ingredient contained in the preceding definition. It appears that they did make it an offense, and it is so written in plain terms. We hold that the indictment is correctly framed under said article, and charges the offense of swindling named therein. Accordingly, the court did not err in refusing to quash the indictment. In the absence of the statement of facts, we can not review the charge of the court. There being no errors pointed out by the assignments requiring a reversal, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

This case was affirmed at a former day of this term, and now comes before us on appellant's motion for rehearing. We held in the original opinion that the statement of facts, not being approved by the judge, could not be considered.

Appellant has filed a motion setting up the diligence used by him, or rather showing why the statement of facts was not approved by the judge. Appended to the motion is the affidavit of the district clerk, stating that he received the statement of facts by mail, accompanied by letter from Judge Benjamin H. Denton, who tried the case, instructing him, when the attorneys for defendant had signed the same, to file the statement of facts. The judge, in his affidavit, which is appended, states that he had no recollection whatever of receiving the statement of facts, or sending it to the clerk of Red River County, though he might have done so; that, if such statement was sent to him by the district attorney, and agreed to and signed by him, and he sent the same to clerk of the District Court of Red River County with instructions to file it, then it was an oversight on his part if not approved by himself. These two affidavits leave the matter in confusion. The clerk does not say that he ever received the statement of facts and letter from the judge, but the affidavit is open to the construction that he must have received the same from the attorneys, because the statement of facts in the record is signed by the attorneys. The judge was not authorized to approve the statement of facts in advance of the agreement of the attorneys representing the State and defendant that it was a correct statement. So we take it that the attorneys must have received a letter from the judge, as stated by the clerk; and that they then, either the district attorney or defendant's attorney, agreed on statement of facts and signed the same and forwarded it with the judge's letter to the clerk; whereas they should then have forwarded said statement to the judge for his approval. The judge himself appears to have no recollection of having

seen the statement at all, and, if he sent such statement and his approval was left off, it was by inadvertence or mistake.

In accordance with the decisions, the onus was on appellant to show by his supporting affidavits to the motion that the want of diligence was not his, but that of the judge. Appellant or his counsel should have made it appear distinctly in some affidavit that, after the district attorney and defendant's counsel had agreed to the statement of facts, and signed the same, it was forwarded to the judge who tried the case, and he forwarded it to the clerk—failing to place his approval thereon. If such had been the showing, it would have come under the case of Yawn v. State, 37 Texas Crim. Rep., 205. The burden being on appellant to show the facts, and the affidavits here presented not showing the failure to use diligence was the fault of the judge, and not that of appellant, we can not presume in his favor, and supply a statement not contained in the affidavits. We hold, therefore, that the statement of facts can not be considered as a part of the record. We see no occasion to review the matters heretofore discussed in the original opinion. The motion for rehearing is overruled.

*Overruled.*