**Bobby HILLBURN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0076–CR.**

Court of Appeals of Texas, Amarillo.

Jan. 29, 1982.

Storrs, Woodburn & Stokes, Douglas R. Woodburn, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Wayne Bagley, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Bobby Hillburn was convicted of burglary of a habitation. Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974). His punishment was assessed at eight years confinement, but the imposition of sentence was suspended in favor of probation. Afterwards, the trial court, acting on the State's motion, revoked appellant's probation and imposed sentence. Appellant appeals and, overruling his grounds of error, we affirm.

The first condition for appellant's probation was that he commit no offense against the laws of Texas or any other governmental entity. As the ground for revoking appellant's probation, the State alleged that appellant failed to comply with the first condition of probation in that he did

> intentionally and knowingly threaten Donna Hudspeth with imminent bodily injury by the use of a deadly weapon, to-wit: by trying to jerk open the door of a motor vehicle, containing the said Donna Hudspeth, while brandishing a knife in his hand.

These allegations charged an aggravated assault denounced by Tex.Penal Code Ann. § 22.02(a)(4) (Vernon Supp.1982).

According to the evidence adduced at the hearing on the motion to revoke appellant's probation, Ms. Hudspeth first encountered appellant when he spoke to her outside of, and as she was about to enter, a public library. Because appellant's appearance made her suspicious, Ms. Hudspeth looked for but did not see him when she came out of the library a short time later. She entered her car, locked all the doors, and started the engine.

As she commenced to back her vehicle, Ms. Hudspeth saw appellant standing at the back of her car holding a knife, the blade of which was exposed, in one hand at his side with his other hand on the car door, actively trying to get into the car. Ms. Hudspeth told appellant to get away from the car. He replied that she had a flat tire. Knowing that she did not have a flat tire, Ms. Hudspeth again told appellant to get away from the car, backed out, drove home and called the police.

The police apprehended appellant. A search of his person revealed a wooden handled knife with a three and one-half inch blade tied to the inside of his leg with a string.

The court found that appellant had violated the first condition of his probation that he commit no offense against the laws of the State of Texas. The offense found by the court to have been committed was that appellant did, in the court's words, "intentionally and knowingly threaten Donna Hudspeth with emminent [*sic*] bodily injury by brandishing a knife in your hand." The offense articulated is an assault condemned by Tex.Penal Code Ann. § 22.01(a)(2) (Vernon Supp.1982), and is, by virtue of the legislature's definitions of assault and aggravated assault, a lesser offense necessarily included within the greater offense of aggravated assault charged by the State's motion. *See* Tex.Penal Code Ann. §§ 22.01(a)(2) and 22.02(a)(4) (Vernon Supp.1982). *Cf. Bennett v. State*, 79 Tex. Cr.R. 380, 185 S.W. 14, 15 (1916) (holding that in every instrument charging aggravated assault, simple assault is necessarily included).

Tacitly acknowledging that the only issue reviewable on an appeal from an order revoking probation is whether the court abused its discretion, *Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Cr.App.1981), appellant contends that the court abused its discretion in four instances. The first instance occurred, so appellant contends, because the evidence is insufficient to sustain the State's motion to revoke.

■ The evidence is insufficient, appellant argues, for the reason that the State failed to prove certain elements of the aggravated assault it alleged. Yet, inasmuch as the court found that appellant committed the lesser included offense of an assault, we need address only the two complaints of evidential insufficiency which are pertinent to the elements constituting the assault found. In this connection, we are committed to the facts found, either expressly or

impliedly, by the trial court from a preponderance of the evidence, *Id.*, viewed in a light most favorable to the court's verdict. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Cr.App.1981).

The initial complaint is that the State's proof is deficient to show that appellant threatened Ms. Hudspeth with imminent bodily injury. Because he said nothing threatening and the locked car doors negated any ability to cause physical harm to Ms. Hudspeth, appellant says that he was in no position to threaten her with imminent bodily injury by his acts.

Nevertheless, the allegation that appellant threatened Ms. Hudspeth was not required to be shown by verbal aggression. A threatened action may be communicated by acts amounting to an offer to use future force. *See, e.g., Berry v. State*, 579 S.W.2d 487, 489 (Tex.Cr.App.1979). There was evidence that appellant, exposing the blade of a knife, actively tried to force his way into Ms. Hudspeth's car. His threatened action was prevented by the locked doors. Where the evidence shows the facts, as the trial court was privileged to find them to be here, that the accused attempted to make a battery on the complainant with an open knife, although he was prevented from making the battery by an intervening force, the evidence is ample to support a finding of a simple assault, even by a jury applying the evidential standard of beyond a reasonable doubt. *Yawn v. State*, 37 Tex.Cr.R. 205, 38 S.W. 785 aff'd 37 Tex.Cr.R. 205, 39 S.W. 105, 106 (1897). Thus, the court was justified in expressly finding that appellant committed the offense of an assault.

The other evidential complaint is that the State's proof is deficient to show appellant tried to open the car door while he was "brandishing a knife in his hand." Absent a court definition of "brandish," appellant proposes the one he quotes from Webster's New Collegiate Dictionary (8th ed. 1979) in these words:

brandish. 1: to shake or wave (as a weapon) menacingly; 2: to exhibit in an ostentatious or aggressive manner

Then, appellant submits, the State failed to prove he was, by definition, brandishing a knife in his hand, for there is no evidence he ever raised the knife toward Ms. Hudspeth or was shaking or waving it menacingly, ostentatiously or aggressively.

Still, within the definition proposed is this meaning: to exhibit in an ostentatious manner. Ostentatious has the accepted meaning, *inter alia*, of conspicuous, the first meaning of which is obvious to the eye. Webster's Third New International Dictionary (1976). Given this meaning and Ms. Hudspeth's testimony of the visibility of the knife in appellant's hand, the court was entitled to express the further finding that appellant was "brandishing a knife in your hand." Appellant's first ground of error is overruled.

■ The court next abused its discretion, appellant contends, because no witness identified appellant as the man who approached Ms. Hudspeth's vehicle with a knife in his hand. The contention is not validated by the record. While the identification was not made with preciseness, the record does contain a number of testimonial connectives which show, and sufficiently support the court's express finding, that appellant committed the assault. Illustratively, there is recorded this testimony of identification:

Q [by appellant's counsel] Is your in Court identification here today based in part on your observation of Bobby Hillburn there at the police station?

A [by Ms. Hudspeth] Probably in part, but I definitely recognize him as the man at the library.

The second ground of error is overruled.

■ The court abused its discretion, appellant also contends, because Ms. Hudspeth's in-court identification was constitutionally invalid. The contention is founded upon the testimony just quoted, coupled with her testimony that at the police station an officer asked, as appellant passed her, "Is that the guy?" and her reply, "Yes, that's the guy." Under this record, the contention is not sound.

Ms. Hudspeth's testimony disclosed not only adequate opportunities to observe, but that she did clearly see, appellant at very close range during her two encounters with him at the library. Her testimony quoted above evinces an independent origin, apart from her identification at the police station, for her in-court identification of appellant. It follows that the court, in its role as fact finder, could find from a preponderance of the evidence, as it impliedly did, that Ms. Hudspeth's in-court identification was neither tainted nor constitutionally infirm, *Limuel v. State*, 568 S.W.2d 309, 312–13 (Tex. Cr.App.1978), and was evidence properly admitted. *Bedford v. State*, 501 S.W.2d 625, 628 (Tex.Cr.App.1973). The third ground of error is overruled.

■ Finally, appellant contends the court abused its discretion because the State failed to prove he was the same person placed on probation in the cause. It suffices to respond, in lieu of a recitation of the record, that not having made his identity an issue in the trial court, appellant cannot raise it for the first time on appeal. *Barrow v. State*, 505 S.W.2d 808, 810–11 (Tex. Cr.App.1974). *Accord, Batiste v. State*, 530 S.W.2d 588, 589 (Tex.Cr.App.1975). The fourth ground of error is overruled.

A preponderance of the evidence supports the court's finding that appellant violated one condition of his probation. The evidence, therefore, is sufficient to sustain the order revoking probation, and the conclusion that the trial court did not abuse its discretion in revoking probation. *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Cr.App.1980).

The judgment is affirmed.