William R. TANKSLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–83–018–CR.

Court of Appeals of Texas,
Austin.

June 29, 1983.

Rehearing Denied Sept. 7, 1983.

Alice S. Odiorne, Odiorne & Odiorne, Bastrop (Court-appointed), for appellant.

Edward J. Walsh, Dist. Atty., Matthew B. Jones, Asst. Dist. Atty., Georgetown, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

POWERS, Justice.

William R. Tanksley appeals his conviction for aggravated assault, a charge to which he had pleaded not guilty. Tex.Pen. Code Ann. §§ 22.01(a)(2), 22.02(a)(4) (Supp. 1982). Trial was before a jury which found him guilty. In a subsequent hearing he pleaded "true" to an allegation in the indictment of a previous felony conviction and after such hearing, the trial judge assessed punishment at eight years imprisonment. We affirm the judgment below.

Appellant was confined in the Williamson County Jail on the occasion of the offense alleged in the indictment. He was in the holding cell, the door of which had a glass window. Appellant called the jailer to the window. When he came to the window, appellant displayed a blue toothbrush handle which had been sharpened to a point, telling the jailer that when he opened the door of the holding cell again he (appellant) would stab him in the eye and pull it out. The door of the holding cell was locked at the time. The jailer reported the event to a deputy sheriff. The jailer and the deputy went to the cell about ten minutes after the event. Appellant told the deputy that he had flushed the toothbrush down the toilet. It was not found.

The jailer admitted on cross-examination that inmates are sometimes belligerent, that while he was rarely threatened, he had been insulted "verbally" and abused a few times while working in the jail. He considered verbal insults a part of the job. The jailer was, by his own testimony and that of the deputy, shown to be upset and "maybe scared," or "[j]ust kind of excited."

Appellant raises on appeal three grounds of error: (1) the trial court erred in refusing to submit appellant's "affirmative defensive issue of lack of ability to commit the" offense, that is, his physical inability to perpetrate a battery upon the jailer because he was on the opposite side of the locked cell door; (2) the trial court erred in refusing to submit appellant's "affirmative defensive issue that the [jailer] knew that the conduct of the appellant was a risk of [the jailer's] occupation," that is, by the nature of the jailer's employment he consented as a matter of law to any assault as a risk of his occupation, within the meaning of Tex.Pen.Code Ann. § 22.06(2)(A) (1974), establishing consent as a defense to assault; and (3) the trial court erred in overruling appellant's motion for instructed verdict on the two foregoing grounds, each of which should have been sustained to defeat an essential element of the aggravated assault alleged in the indictment.

A person who intentionally or knowingly threatens another "with imminent bodily injury" through use of "a deadly weapon" is guilty of aggravated assault. Tex.Pen. Code Ann. §§ 22.01(a)(2), 22.02(a)(4). There is no dispute between the parties about whether the sharpened toothbrush handle was "a deadly weapon." They join issue on whether an ability to commit a battery is an element of the offense notwithstanding that it is not expressly stated in § 22.01 to be an element.

Texas Pen.Code art. 1138 (1925), the predecessor of § 22.01, provided:

> The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it, an immediate intention, *coupled with an ability to commit a battery, is an assault.* [emphasis added]

Appellant submitted the following requested instruction to the court after the close of the evidence:

> You are further instructed that if you believe beyond a reasonable doubt from the evidence introduced on the trial of this case that the defendant, Billy R. Tanksley, did not have the ability to inflict imminent bodily injury upon the complainant, Jerry Hulion, you shall find the defendant not guilty of the [offense of aggravated assault].

We need not concern ourselves in this appeal with the placing of the burden of proof suggested by the requested instruction, nor with the degree of proof required. The trial court refused the requested instruction and in its charge tracked the statutory language by defining aggravated assault in the language of Tex.Pen.Code Ann. §§ 22.-01(a)(2) and 22.02(a)(4).

Appellant argues that, as under the former penal code provision, the offense of assault includes an element of present ability to commit a battery. Curiously, however, appellant characterizes this element as an "affirmative defense," as he did in his

requested instruction. Appellant cites *Vietnamese Fishermen's Association v. Knights of the Ku Klux Klan,* 518 F.Supp. 993, 1013 (E.D.Tex.1981).

We are unable to find a decision of the Court of Criminal Appeals which addresses the issue of whether the element of present ability to commit a threatened battery remains an element of each of the various assaults made criminal by Tex.Pen.Code Ann. § 22.01. That Court has held, with respect to the analogous offense of a terroristic threat, set forth in § 22.07, "that capability to carry out the threat is not an essential element of the offense. . . ." *Jarrell v. State,* 537 S.W.2d 255, 257 (Tex.Cr. App.1976). Under that section of the penal code, the offense includes a threat to commit an offense involving violence to a person with intent to place a person in fear of imminent serious bodily injury.

There are differences in § 22.01 and § 22.07 but they both purport to make unlawful the same class of conduct—threats which produce fear of imminent bodily injury in the person to whom they are directed, a threat of "serious" bodily injury being required under § 22.07. And in the practice commentary to § 22.02, it is pointed out that § 22.01 and § 22.02 changed the "focus" of criminal assault from the actor's conduct, which was the issue under the 1925 penal code, "to the causing of the harms the assault offenses seek to prevent"; and under § 22.01 and § 22.02, "[i]t is sufficient for conviction that . . . fear is knowingly induced. . . ." Searcy and Patterson, Practice Commentary, Tex.Pen.Code Ann. § 22.-02 (1974). In *Hillburn v. State,* 627 S.W.2d 546, 548 (Tex.App.1982, no pet.), the evidence was held sufficient to establish an assault in a probation revocation case notwithstanding that the victim was unable to consummate his implied threat because "locked car doors negated any ability to cause physical harm" to the victim. In that case, the accused displayed a knife blade.

Although not raised by the parties, the central issue is whether the threat was one of "*imminent* bodily harm" under § 22.01. We conclude that the jailer had the uncon-

ditional right to open the jail door at the time the threat was made; and conversely, the appellant had no right to prevent his doing so by means of the threat. Stated another way, the threat was made on condition that the jailer not do what he had a right to do at the very instant of the threat and under the undisputed evidence the accused displayed a weapon suitable to accomplish the battery that he specifically threatened to commit. Hence, the threat was not of a future harm except in the sense of being dependent upon a condition that the appellant had no right to impose upon the jailer's freedom of movement.

▇▇▇ A threat is essentially conditional in one way or another, and because § 22.01 defines an intentional threat of imminent bodily injury as an "assault," the conditional aspect obviously does not prevent the threat from constituting an "assault." *See* Torcia, 2 Wharton's Criminal Law § 182, at 304 (1979); 6 Am.Jur.2d Assault and Battery § 30, at 32 (1963). We conclude that under the facts of the present case the fact of the appellant's being behind a locked door was immaterial, given the nature and circumstances of the threat; and he was therefore not entitled to the instruction which he requested.

▇▇▇ Appellant's second ground of error urges effective consent to the assault as set forth in the following language of Tex.Pen. Code Ann. § 22.06:

> The victim's effective consent . . . to the actor's conduct is a defense to prosecution under Section 22.01 (Assault) [or] Section 22.02 (Aggravated Assault) . . . if:
>
> \*    \*    \*    \*    \*    \*
>
> (2) the victim knew the conduct was a risk of:
>
>   (A) his occupation.

"Consent" is defined by Tex.Pen.Code Ann. § 1.07(a)(9) (1974) to mean "assent in fact, whether express or apparent." "Effective consent" is defined by Tex.Pen.Code Ann. § 1.07(a)(12) (1974) in terms not material in the present case. There is no evidence that the jailer consented in fact to appellant's conduct, whether by express words or by

other means indicating an apparent consent. The provisions of § 22.06 quoted above do not *define* effective consent to mean engaging in an occupation having a risk of assault, as appellant apparently contends. Rather, the victim's express or apparent assent to an accused's conduct is effective as a defense *if* the victim knew that such conduct was a risk of his occupation. There being no assent by the jailer to the conduct of appellant in the present case, § 22.06 was not applicable and appellant was not entitled to a requested instruction thereunder. Appellant does not contend that he reasonably believed the jailer consented to the assault. There being no merit to the ground, we overrule it.

Appellant's remaining ground of error depends upon the correctness of his position under the foregoing two grounds of error, which we have overruled. Therefore we need not consider it.

The judgment of the trial court is affirmed.