**Glynn Ocie CAMP, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–98–00156–CR.**

Court of Appeals of Texas, Eastland.

Jan. 27, 2000.

Scott Steele, Healer, Steele & Steele, Brownwood, for appellant.

G. Lee Haney, Dist. Atty., Brownwood, for appellee.

Panel consists of: WRIGHT, J., and McCALL, J., and DICKENSON, S.J.*

## OPINION

BOB DICKENSON, Senior Justice (Retired).

The jury convicted Glynn Ocie Camp of four felony offenses and then assessed his punishment at confinement for 10 years on Count One (assault on Police Lieutenant Garry Page), confinement for 30 years on Count Two (aggravated assault on Police Officer James Arthur Shannon), confinement for 10 years on Count Three (resisting arrest by Police Sergeant Dennis Wat-

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. TEX. PENAL CODE ANN. § 22.02(b)(2) (Vernon 1994) defines the offense and declares it to be a felony of the first degree.

2. TEX. PENAL CODE ANN. § 22.01(b) (Vernon Supp.2000) defines the offense and declares it to be a felony of the third degree.

son), and confinement for two years on Count Four (unauthorized use of a motor vehicle). We affirm.

### Background Facts

The owner of a stolen automobile, two deputy sheriffs, and three Brownwood police officers were the only witnesses who testified. The indictment charged appellant with four offenses which were committed on November 21, 1997. Appellant was indicted for aggravated assault on three Brownwood police officers while he was attempting to escape, and the fourth count was for operating an automobile without the consent of its owner.

The jury was charged on the first three counts that, if it had a reasonable doubt as to appellant's guilt of each primary offense ("aggravated assault on a public servant"[1]), it should consider the lesser included offenses ("assault on a public servant"[2] for the first count and "resisting arrest"[3] or "evading arrest"[4] for all three counts).

The three police officers and two deputy sheriffs testified about a lengthy, high speed automobile chase through the City of Brownwood. Their testimony shows that appellant attempted to drive the stolen car into the police vehicles while he was attempting to make his escape. Appellant's attorney got each of the officers to admit that they knew being hit by a car in a high speed chase was a risk of their occupation. The officers testified that they did not give their consent to appellant's conduct, and there is no proof that appellant "had a reasonable belief" that the officers consented to his conduct.[5]

---

3. TEX. PENAL CODE ANN. § 38.03(d) (Vernon 1994) defines the offense and declares it to be a felony of the third degree.

4. TEX. PENAL CODE ANN. § 38.04(b)(1) (Vernon Supp.2000) defines the offense and declares it to be a Class A misdemeanor.

5. See TEX. PENAL CODE ANN. § 22.06 (Vernon 1994) which provides that the "victim's *effective consent or* the actor's *reasonable belief that the victim consented* to the actor's

### Issue Presented

Appellant presents one single issue in his brief, challenging the convictions on Counts One and Two. There is no challenge to the sufficiency of the evidence, and there is no challenge to the convictions on Counts Three and Four. The issue as stated by appellant reads in full as shown:

> The trial court erred in denying Appellant's request for a Jury Charge on the defense of consent to assaultive conduct.

### The Requested Charge

The requested charge was based upon Section 22.06, and the same charge was requested on all of the first three counts in the charge to the jury. The requested charge reads as shown:

> You are instructed that it is a defense to a prosecution for aggravated assault of a public servant that the victim of the aggravated assault *effectively consented to the actions of the defendant, or that the defendant reasonably believed that the victim had consented to his actions.* Therefore, if you find from the evidence beyond a reasonable doubt that on November 21, 1998(sic), in Brown County, Texas, the defendant intentionally and knowingly threatened [each police officer] with imminent bodily injury, and that the defendant did then and there know that [each police officer] was then and there a public servant, to wit a police officer, and that [each police officer] was then and there discharging an official duty; *but you further find from the evidence that [each police officer] knew the conduct was a risk of his occupation,* or if the prosecution has failed to persuade you beyond a reasonable doubt that these facts are untrue, you will acquit the defendant and say by your verdict "not guilty." (Emphasis added)

conduct" is a defense to prosecution for assault, aggravated assault, or deadly conduct if

### Prior Case Law

▋ *Tanksley v. State*, 656 S.W.2d 194, 196–97 (Tex.App.—Austin 1983, no pet'n), considered and rejected the contention which appellant urges, stating:

> There is no evidence that the [public servant] consented in fact to appellant's conduct, whether by express words or by other means indicating an apparent consent. *The provisions of § 22.06 quoted above do not define effective consent to mean engaging in an occupation having a risk of assault, as appellant apparently contends. . . .* There being no assent by the [public servant] to the conduct of appellant in the present case, § 22.06 was not applicable and appellant was not entitled to a requested instruction thereunder. (Emphasis added)

We agree with the holding in *Tanksley* that Section 22.06 should not be read to define "effective consent to mean engaging in an occupation having a risk of assault." This would not be consistent with other provisions of the Penal Code which protect public servants who are discharging their official duties. We note that the opinion in *Tanksley* agreed that the public servant's "express or apparent consent" would have been effective as a defense if he knew that such conduct was a risk of his occupation. As in *Tanksley*, there was no "express or apparent consent" by the public servants to appellant's conduct in trying to ram their vehicles; consequently, it does not matter if they knew that such conduct was a risk of their occupation.

▋ Each of the officers testified that they did not give "express consent" to appellant's conduct, and there is no proof of "apparent consent" because there is no showing that appellant had a reasonable belief that the officers gave their consent to his conduct. We hold that the trial court correctly decided that there was no "effective consent" under Section 22.06 as explained in *Tanksley*. Consequently, the trial court did not err in refusing the re-

the victim knew the conduct was a risk of his occupation. (Emphasis added)

quested charge. The sole issue presented for review is overruled.

The judgment of the trial court is affirmed.