NO. 07-01-0001-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 29, 2001

______________________________

PETE HERNANDEZ, JR.,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF HALE COUNTY;

NO. B11409-9306; HON. EDWARD L. SELF, PRESIDING

_______________________________

Before  QUINN and REAVIS, and JOHNSON, JJ.

 Appellant, Pete Hernandez, Jr., contends that the trial court abused its discretion in revoking his probation.  That is, he contends that the State failed to prove he resisted arrest by struggling with his hands, as alleged in the motion to revoke.  We disagree and affirm the judgment revoking his probation.

Standard of Review
  

Whether the trial court erred in revoking one’s probation depends upon whether it abused its discretion.  
Caddell v. State
, 605 S.W.2d 275, 277 ( Tex. Crim. App. 1980).  In assessing that, we review the evidence in the light most favorable to the court’s decision.  
Hillburn v. State
, 627 S.W.2d 546, 547-48 (Tex. App. -- Amarillo 1982, no pet.).  Moreover, the trial judge is the fact-finder; as such he is free to resolve credibility issues and conflicts in the evidence.
  Lee v. State
, 952 S.W.2d 894, 897 (Tex. App.--Dallas 1997, no pet.).  And, if there exists evidence supporting the ruling, then it cannot be said that the trial court abused its discretion.  
See Montgomery v. State
, 810 S.W.2d 372, 391 ( Tex. Crim. App. 1990).  Finally, when the motion to revoke is founded upon several grounds, the decision to revoke may be affirmed on any one ground supported by the evidence and law.  
See Elizondo v. State
, 966 S.W.2d 671, 672 (Tex. App.--San Antonio 1998, no pet.).  

Application of Standard

The State moved to revoke appellant’s probation because he committed offenses against the laws of Texas, contrary to the terms of his probation.  The offenses in question consisted of 1) intentionally, knowingly, or recklessly caused bodily injury to Rosa Hernandez and 2) resisting arrest by “using force against [a] peace officer, by struggling with his hands against the” officer.  We address the proof related to the latter allegation.   According to appellant, the State failed to prove that he used his hands in the struggle.  Rather, it supposedly illustrated that he used his feet.  However, according to the officer attempting to arrest appellant, appellant declared (at the time of the arrest) that his victim was not hurt and that he was not going to jail.  Furthermore, according to the officer, as attempt was made to place handcuffs on appellant, appellant “hopped around, [and] tried 
to swing at me with his right hand 
. . .”  (Emphasis added).  The officer then pushed appellant over and succeeded in placing the handcuffs on him.  During this fracas, appellant also kicked and bruised the officer on his calf.  

That appellant not only kicked but also swung at the officer 
with his right hand
 is evidence that appellant was “struggling with his hands” as alleged in the motion to revoke.  Given this, we cannot say that the State failed to prove the allegation or that the trial court abused its discretion in revoking appellant’s probation.
(footnote: 1)
 Accordingly, the judgment revoking appellant’s probation is affirmed.

Brian Quinn

    Justice

Do not publish.      

FOOTNOTES
1:
Having found that one of the two allegations in the motion to revoke was established, we need not address appellant’s second contention arguing that his probation was revoked simply because”the incident resulted in . . . appellant’s second appearance before the trial court on a motion to revoke . . .”