**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40461
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MACARIO LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-322-1
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Marcario Lopez appeals his guilty-plea conviction for being

a felon in possession of a firearm.  Lopez contends that the

district court erred by enhancing his sentence under U.S.S.G.

§ 2K2.1(b)(5) for using or possessing a firearm in connection

with another felony offense.  He also asserts that 18 U.S.C.

§ 922(g) is unconstitutional because it does not require a

substantial effect on interstate commerce.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court determined that Lopez had raised his shirt to reveal a firearm during a confrontation in which Lopez had vandalized someone's car and the men with Lopez had assaulted someone. The court concluded that this display of the weapon was done in a threatening manner and constituted an aggravated assault under Texas Penal Code § 22.02. Considering the totality of the circumstances, we find that this determination is not clearly erroneous and that the district court did not err in applying the enhancement in U.S.S.G. § 2K2.1(b)(5). See United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997); Edwards v. State, 57 S.W.3d 677, 680 (Tex. App.–Beaumont 2001, pet ref'd); Tanksley v. State, 656 S.W.2d 194, 195-96 (Tex. App.–Austin 1983, no pet.).

Lopez concedes that his argument that 18 U.S.C. § 922(g) is unconstitutional under the Commerce Clause is foreclosed by circuit precedent. He raises the issue to preserve possible Supreme Court review. As we have repeatedly held, the "constitutionality of § 922(g) is not open to question." See United States v. Daugherty, 264 F.3d 513, 517 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002); see also United States v. Lee, 310 F.3d 787, 788-89 (5th Cir. 2002).

AFFIRMED.