Timothy Lamont TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–669–CR.

Court of Appeals of Texas,
Corpus Christi.

April 22, 1993.

Nate Rhodes, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and SEERDEN, JJ.

OPINION

GILBERTO HINOJOSA, Justice.

A jury found appellant guilty of attempted capital murder and assessed his punishment at 75 years in prison. We affirm.

In point of error one, appellant contends that the trial court erred in submitting a special issue to the jury concerning his use of a deadly weapon. The jury found that appellant used a deadly weapon during the commission of the offense, and the trial court included the affirmative finding in its judgment.

In order for the trial court to properly submit a deadly weapon issue to the jury, the State must allege use or exhibition of a deadly weapon either in the indictment or in a separate written pleading. *See Luken v. State*, 780 S.W.2d 264, 266 (Tex.Crim.App.1989). Appellant asserts that the indictment did not allege use or exhibition of a deadly weapon and that while the State alleged use of a deadly weapon in a separate written pleading, the pleading was untimely filed and therefore ineffective. Thus, appellant claims, an affirmative finding on use of a deadly weapon should not have been submitted to the jury or included in the judgment.

The State responds that the allegations in the indictment were sufficient to put appellant on notice of the State's intent to seek an affirmative finding, and therefore the finding is proper. We agree. The indictment alleged, in pertinent part, that appellant committed the offense:

> with the specific intent to commit the offense of murder by intentionally or knowingly striking Jose Garza on his head and chest with a pipe....

In *Grettenberg v. State*, 790 S.W.2d 613, 614 (Tex.Crim.App.1990), the Court held that any allegation which avers an attempt to cause the death of a person by use of a named weapon necessarily includes an allegation that the named weapon or instrument was, in the manner of use or intended use, capable of causing death. Such an allegation supports the inclusion of a deadly weapon finding. *See Ex parte Brown*, 773 S.W.2d 332, 333 (Tex.Crim.App.1989); *Eason v. State*, 768 S.W.2d 312, 313 (Tex. Crim.App.1989). As appellant's indictment alleged that he attempted to cause Jose Garza's death by striking him with a pipe, the trial court did not err in submitting the deadly weapon issue. Point one is overruled.

In his second point, appellant contends that his conviction "violates the limitation on the felony murder doctrine and the double jeopardy clause." The facts show that appellant came up behind the victim and hit him with a pipe. Appellant argues that the State was improperly allowed to use his one act of hitting the victim with a pipe to establish the act of attempted murder and, at the same time, to elevate theft into robbery. Appellant concedes that this contention was raised and rejected in *Barnard v. State*, 730 S.W.2d 703, 708–09 (Tex.Crim.App.1987). We note that *Barnard* was recently cited with approval, when the same contention was raised in an analogous case. *See Muniz v. State*, 851 S.W.2d 238, 243–46 (Tex.Crim. App.1993).

The State responds that appellant's point is not preserved by trial objection, based upon the Court's holding in *Barnard* that because a motion to quash had not been filed, its inquiry would be restricted to determine only if fundamental error was present. *Barnard*, 730 S.W.2d at 709. We agree that appellant has not preserved error on his "felony murder" claim. Even if he had, however, *Barnard* is controlling, and appellant's point is without merit.

With regard to double jeopardy, we will review the point, as Texas law permits the assertion of a jeopardy claim for the first time on appeal. *January v. State*, 695 S.W.2d 215, 220 (Tex.App.—Corpus Christi 1985), *adopted in part*, 732 S.W.2d 632 (Tex.Crim.App.1987). Appellant contends, without amplification, that *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), dictates a result other than that reached in *Barnard*. We disagree. The Jeopardy Clause affords a defendant protection against a second prosecution for the same offense after acquittal, a second conviction for the same offense after conviction, and multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980). In *Grady*, the Court determined that a subsequent prose-

cution is barred when, to establish an essential element of the offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted. *Grady*, 495 U.S. at 520–22, 110 S.Ct. at 2093. The present case does not concern a subsequent prosecution. Rather, it involves the shared use of a criminal act (striking with a pipe) within a single prosecution to elevate a theft to robbery and to prove the act which constituted the attempted murder. To the extent that this "bootstrapping" might arguably implicate the jeopardy protection against multiple punishment, appellant's claim is without merit. In the context of multiple punishments imposed in a single prosecution, the jeopardy clause does no more than prevent the sentencing court from prescribing a greater punishment than the legislature intended. *Grady*, 495 U.S. at 516–18, 110 S.Ct. at 2091. As the Court of Criminal Appeals held in *Barnard*, that the legislature intended to permit a capital murder prosecution in the situation at issue here, we find no jeopardy violation. *Barnard*, 730 S.W.2d at 709. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.