Larry McELHANEY, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 12–92–00279–CR.**

Court of Appeals of Texas,
Tyler.

March 31, 1995.

Rehearing Overruled May 8, 1995.

**16**

Sam Griffith, Tyler, for appellant.

Ed Marty, Tyler, for appellee.

RAMEY, Chief Justice.

The Appellant, Larry Joe McElhaney ("McElhaney"), appeals his conviction for aggravated robbery. He was tried before a jury, which assessed his punishment at eight years' confinement and a five thousand dollar fine. He brings four points of error on appeal. We will affirm the conviction.

According to the State's evidence, on the afternoon of May 25, 1991, the complainant, Porfidio Castenada ("Castenada"), was invited to a party in Owentown by an acquaintance, Vicker Ray Jenkins ("Jenkins"). There Castenada first met McElhaney. At some point Jenkins, Castenada, and McElhaney left the party together, with Jenkins driving and McElhaney in the back seat. Jenkins pulled the car off the road and parked it. Castenada, having finished a beer, took another from the cooler in the back seat. He testified that, just as he was again facing the front, he received a severe blow on the back of his head. He turned and saw McElhaney holding an iron pipe, roughly two feet in length and an inch in diameter. McElhaney struck Castenada twice more in the head and once in the arm, while Castenada struggled to ward off the blows and unbuckle his seatbelt. Jenkins was heard to exclaim, "I told you to hit him hard," and foiled Castenada's attempts to grab the pipe.

Castenada then managed to escape from the car and began running. McElhaney pursued him, and, as he closed the distance between them, Castenada shouted a question, "What the hell do you want from me?" McElhaney replied, "Give me the money you have." Castenada then removed his wallet from his pocket and threw in McElhaney's direction. Castenada escaped, eventually told his story to a deputy sheriff, and received medical attention at a local emergency room from Dr. Ron Thomas ("Thomas"). Thomas treated Castenada by stitching up three lacerations in his head.

McElhaney's second, third, and fourth points of error rest on a common legal assertion, that there was no evidence, or insufficient evidence, that the weapon shown by the evidence to have been used by McElhaney against Castenada was a "deadly weapon." The standard for reviewing the sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Cr.App.1989).

A deadly weapon is defined as

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

TEX.PENAL CODE § 1.07(a)(17). McElhaney argues that the pipe could not have been a deadly weapon because the injuries suffered by Castenada were not "serious bodily injury" as that term has been defined by the courts. But, whether or not such argument has merit, proof of a "serious bodily injury" is only one of three ways by which the offense of robbery is elevated to aggravated robbery; proof of an actual serious bodily injury is not needed if there is proof that the robbery was committed using or exhibiting a deadly weapon. TEX.PENAL CODE § 29.03(a) (Vernon 1994).

A weapon is "deadly," so as to make a robbery using such weapon an aggravated offense, if it is capable of causing serious bodily injury in the manner of its use, without regard to whether the actual result is the infliction of serious bodily injury.

*Taylor v. State*, 859 S.W.2d 466, 468 (Tex. App.—Dallas 1993, no pet.). The severity of wounds inflicted may be evidence of an object's deadly potential, but "wounds are not a prerequisite to a finding of deadliness." *Hammons v. State*, 856 S.W.2d 797, 800–01 (Tex.App.—Fort Worth 1993, pet. ref'd). Pipes and similar objects have been found to be deadly weapons. *Taylor v. State*, 852 S.W.2d 725 (Tex.App.—Corpus Christi 1993, pet. ref'd) (pipe). *Hammons v. State*, 856 S.W.2d at 800–01 (baseball bat). *Taylor v. State*, 859 S.W.2d at 468 (axe handle). Here, the physical description of the pipe, the testimony as to its use in inflicting repeated blows at Castenada's head, and Castenada's opinion that the pipe was capable of causing death or serious injury was sufficient evidence to support the jury's implicit finding that the pipe was a deadly weapon. McElhaney's second, third, and fourth points of error are overruled.

█ In his first point of error McElhaney asserts that the court erred in failing to charge the jury on the lesser included offenses of robbery and assault. He was indicted for aggravated robbery, and though the court charged the jury to allow consideration of the lesser included offense of aggra-

vated assault, it refused McElhaney's requests for charges on simple robbery and assault.

A two-pronged test is used to determine whether a charge on a lesser included offense is required. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense.

*Brockway v. State*, 853 S.W.2d 174, 178 (Tex. App.—Corpus Christi 1993, pet. ref'd) (citations omitted). Aggravated robbery is robbery with the additional element that a deadly weapon is used or exhibited in the course of the robbery. TEX.PENAL CODE §§ 29.02 and 29.03. Proof of the elements of robbery was therefore necessary to establish the elements of aggravated robbery. *Teague v. State*, 789 S.W.2d 380, 382 (Tex.App.—Houston [1st Dist.] 1990, writ ref'd). Similarly, aggravated assault is assault with the additional element that the offender either caused serious bodily injury to the victim, or used a deadly weapon during the assault. TEX.PENAL CODE § 22.02(a). *Hillburn v. State*, 627 S.W.2d 546, 547 (Tex.App.—Amarillo 1982, no pet.). Thus, the first requirement of the test compelling the giving of a charge on the lesser included offense was met; the elements of the requested lesser included offenses, simple assault and robbery, are included within the proof necessary to establish the offenses charged, aggravated assault and robbery.

But the record here does not contain any evidence that, if McElhaney was guilty, he was guilty only of simple robbery or assault. With respect to robbery, the facts of the *Brockway* case cited above are closely analogous to those presented here. There the evidence was that the robbery was committed by threatening the testifying victim with a knife. In passing on the defendant's right to a charge on the lesser included offense of robbery the Court observed that

[i]f the evidence admitted at trial could be interpreted to show that appellant committed robbery but did not use a knife, then appellant would have been entitled to a

charge on the lesser offense of robbery. We, however, do not read the victim's testimony as evidence that appellant, if guilty, is guilty only of the lesser offense.

*Brockway v. State,* 853 S.W.2d at 178. Similarly, there is no evidence here supporting the request for a charge on simple robbery or assault.

■ McElhaney argues that he was entitled to the lesser charges because of the insufficiency of the evidence for the jury's implicit finding that the pipe was, in the manner of its use, a deadly weapon. As addressed above, we reject such contention. And it is not enough, to be entitled to the lesser included offense charge, to posit the possibility of a failure of the evidence on the element or elements that distinguish the greater offense from the lesser included offense. The second prong of the test, whether there is some evidence in the record that, if the defendant is guilty, he is guilty only of the lesser offense, does not mandate a speculative inquiry into whether the jury might not have been convinced about one of the aggravating elements, but requires an examination of the record to see whether it presents an alternative factual scenario which, if believed, would support a finding on the lesser offense.

> [I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted.

*Bignall v. State,* 887 S.W.2d 21, 24 (Tex.Cr. App.1994) (lesser included offense should have been given because of direct testimony regarding absence of any gun during theft). Here, there was basically one narrative of events which, if believed, was sufficient to support the verdict rendered. McElhaney's first point of error is overruled.

The judgment is affirmed.