Butler 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00628-CR







Gary Butler, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0931782, HONORABLE BOB PERKINS, JUDGE PRESIDING








 A Travis County jury found Gary Butler guilty of capital murder, and the trial court
imposed a mandatory life sentence as punishment. See Tex. Penal Code Ann. §§ 19.03(a)(2), (1)
12.31(a) (West 1994). Appellant challenges his conviction in nine points of error. Because we
find no error, we will affirm the judgment of conviction. 



BACKGROUND


 During the time leading up to this offense appellant had been staying with the
victim, Kevin Altpeter. On December 28, 1992, appellant asked Altpeter for a ride to the
apartment of his friend Jennifer Cindrich. Altpeter, crippled with a broken leg at the time, agreed
to drive appellant to Cindrich's. On the way over, while the car was stopped, appellant shot
Altpeter in the back of the head. Appellant moved Altpeter's body to the passenger seat, then
drove Altpeter's car to Cindrich's apartment. He asked Cindrich to help him drop off the car he
was driving. Cindrich initially testified she could not remember whether appellant told her about
the killing at this point. She claimed she did not recognize that appellant was driving Altpeter's
car, and that she saw nothing in the car with appellant. Cindrich followed appellant to a spot on
Southwest Parkway Road where appellant abandoned Altpeter's car. At some point during this
episode appellant took Altpeter's wallet and credit cards.

 Cindrich and appellant then drove in her car back to her apartment, where they
stayed briefly before going to buy some beer. Later in her testimony, Cindrich recalled that when
they left the apartment to buy some beer, appellant told her that he had killed Altpeter; when
Cindrich doubted his story, he showed her a gun to prove it. (2) Cindrich, confused by the turn of
events, began driving towards Elgin. After being pulled over for speeding in Elgin, she turned
back and drove to her sister's house in Austin. From there Cindrich took appellant to a motel. 
Appellant took out Altpeter's wallet and credit cards, and asked Cindrich if she thought the motel
would take any of the credit cards. Before realizing the cards were Altpeter's, she answered that
he probably could use the cards at the motel. Appellant then paid for a room with one of
Altpeter's credit cards.

 After returning to her home from the motel, Cindrich called the police to report that
appellant had killed Altpeter, and told them where appellant was staying that night. The police
went to the motel and arrested appellant.

 At trial, Cindrich testified that appellant called her the day before the murder;
appellant told her he planned on killing Altpeter and taking his money and credit cards, and that
he wanted to go out and party with Cindrich afterwards. Cindrich did not believe him. The next
day appellant called again and said he was going to kill Altpeter and take his wallet, and that he
would then come over so they could go out and party. Distracted by the television show she was
watching, Cindrich acknowledged that she heard what appellant said and then hung up the phone.



DISCUSSION AND HOLDINGS


 The State charged appellant with murder in the course of committing robbery,
which constitutes capital murder. See Tex. Penal Code Ann. § 19.03(a)(2) (West 1994). 
Appellant concedes that he shot Altpeter, but disputes that he killed him in the course of robbing
him. In four of his points of error, appellant attacks the evidence adduced through Cindrich's
testimony that he had planned ahead of time to take Altpeter's belongings. He essentially urges
in these points of error that Cindrich was an accomplice, and because no evidence corroborated
her testimony that appellant intended to rob Altpeter, her testimony cannot be considered at all
as evidence against him on the robbery issue. See Tex. Code Crim. Proc. Ann. art. 38.14 (West
1979) (conviction cannot be based on accomplice testimony unless corroborated by other evidence
tending to connect defendant with offense committed). 

 In his seventh point of error, appellant argues that the trial court erred in failing
to instruct the jury that Cindrich was an accomplice as a matter of law. The Court of Criminal
Appeals has defined an accomplice witness as follows: 



An accomplice witness is one who has participated with someone else before,
during or after the commission of a crime. If the witness cannot be prosecuted for
the offense with which the accused is charged, then the witness is not an
accomplice witness as a matter of law. Moreover, a witness is not an accomplice
merely because he or she knew of the offense and did not disclose it, or even
concealed it. 



Kunkle v. State, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986), cert. denied, 492 U.S. 937 (1989)
(citations omitted). 

 Appellant claims that Cindrich's knowledge of his plan to kill Altpeter, coupled
with her assistance after the murder, makes her an accomplice. According to this portrayal of the
evidence, Cindrich knew of the murder in advance and for a short time assisted in concealing it. 
However, "a witness is not an accomplice merely because he or she knew of the offense and did
not disclose it, or even concealed it." Id. Furthermore, contrary to appellant's characterization
of these events, Cindrich testified that she did not take appellant's plan to kill Altpeter seriously. 
Our review of the record reveals no evidence suggesting that Cindrich actually participated in the
robbery and murder of Altpeter. We accordingly overrule appellant's seventh point of error. 


 In his fourth and fifth points of error, appellant challenges the factual and legal
sufficiency of the evidence corroborating Cindrich's testimony that appellant planned to rob
Altpeter in the course of killing him. Although Cindrich was not an accomplice as a matter of
law, we will assume for purposes of analyzing these points of error that Cindrich was an
accomplice as a matter of fact. See id. at 441.

 We first note that appellant misconstrues the accomplice witness corroboration
requirement outlined in Code of Criminal Procedure article 38.14. Appellant contends that
Cindrich's specific testimony concerning appellant's plan to rob Altpeter must be corroborated
by additional evidence of appellant's plan to rob Altpeter. The Court of Criminal Appeals has
expressly rejected this argument. See Holladay v. State, 709 S.W.2d 194, 199-200 (Tex. Crim.
App. 1986). There the court concluded that, while corroborative evidence must tend to connect
the accused with the offense, "it need not be corroborative of any particular statement made by
the accomplice." Id. at 200. We therefore ask whether the record reflects sufficient evidence --
apart from Cindrich's testimony -- tending to connect appellant to the offense of murder in the
course of robbery.

 The Court of Criminal Appeals has articulated several factors for assessing the
sufficiency of the corroborating evidence:



All of the facts and circumstances in evidence may be looked to as furnishing the
corroboration necessary. The corroborative evidence may be circumstantial or
direct. The combined cumulative weight of the incriminating evidence furnished
by the non-accomplice witnesses which tends to connect the accused to the offense
supplies the test. It is not necessary that the corroboration directly link the accused
to the crime or be sufficient in itself to establish guilt.



Reed v. State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988). Appellant asserts that the
independent evidence is both legally and factually insufficient to corroborate Cindrich's testimony. 
However, we review the legal and factual sufficiency of the evidence to support the jury's verdict;
Code of Criminal Procedure article 38.14 governs the review of sufficiency of the evidence to
corroborate an accomplice witness's testimony. See Clewis v. State, No. 450-94, slip op. at 10,
n.10, 11 (Tex. Crim. App. Jan. 31, 1996); Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979).

 We find overwhelming evidence tending to connect appellant to the murder of
Altpeter in the course of robbing him. In a voluntary confession, appellant admitted killing
Altpeter. Police found Altpeter's wallet, two of his credit cards and a gun in the motel room
where they arrested appellant. Evidence showed that, on the night of the murder, appellant used
Altpeter's credit card to pay for his motel room. This independent evidence, which directly
connects appellant to Altpeter's murder and robbery, sufficiently corroborates Cindrich's
testimony. We therefore overrule points of error four and five. 

 In his eighth point of error appellant complains that the trial court erred in failing
to instruct the jury to consider whether Cindrich was an accomplice as a matter of fact. Appellant
correctly notes that "where there is a conflict in the evidence, a doubt as to the witness' status as
an accomplice witness, the court should then submit to the jury the fact issue of the witness' status
and instruct the jury not to consider the witness' uncorroborated testimony if it finds that the
witness was an accomplice witness." Navarro v. State, 863 S.W.2d 191, 201 (Tex. App.--Austin
1993), pet. ref'd, 891 S.W.2d 648, 649 (Tex. Crim. App. 1995). For purposes of our analysis,
we will assume that a rational fact-finder may have entertained a doubt as to Cindrich's status as
an accomplice witness. Under this assumption, the trial court would have erred by failing to
include an accomplice witness instruction in the jury charge.

 Appellant did not request this instruction at trial, however. He therefore must show
egregious harm to obtain reversal. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984). For appellant to demonstrate he was egregiously harmed by the omission of the
accomplice witness instruction, he must show that the "jurors would have found the corroborating
evidence so unconvincing in fact as to render the State's overall case for conviction clearly and
significantly less persuasive." Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). 
Because of the abundance of direct corroborating evidence linking appellant to the crime, appellant
cannot make this showing. We overrule point of error eight.

 In points of error one and two appellant claims the evidence was legally and
factually insufficient to establish capital murder, because the State relies solely on appellant's act
of shooting Altpeter to establish the robbery. Appellant asserts that, rather than showing a
robbery, this evidence shows only the commission of theft following Altpeter's murder. In
addressing this very issue, the Court of Criminal Appeals has stated:



What elevates the occurrence of theft to robbery is the presence, at the time of, or
prior to, the murder, of the intent to obtain or maintain control of the victim's
property. Thus, if the State proves that the requisite intent was present, it has
proven that a murder occurred in the course of the robbery, although the element
of appropriation occurred after the murder.



Nelson v. State, 848 S.W.2d 126, 132 (Tex. Crim. App. 1992), cert. denied, 114 S. Ct. 100
(1993) (emphasis added). We must accordingly determine whether there was legally and factually
sufficient evidence to support the conclusion that, prior to or during the murder, appellant formed
the intent to obtain control of Altpeter's property.

 In determining whether there is legally sufficient evidence to support the jury's
verdict, we will consider the evidence in the light most favorable to the trial court's judgment and,
after viewing the evidence, we will determine whether any rational trier of fact could have found
the robbery element beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 n.12
(1979); Valdez v. State, 776 S.W.2d 162, 165 (Tex. Crim. App. 1989), cert. denied, 495 U.S.
963 (1990); Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984), cert. denied, 474
U.S. 865 (1985); Knabe v. State, 836 S.W.2d 837, 838 (Tex. App.--Fort Worth 1992, pet. ref'd). 


 In conducting a factual sufficiency review, we view all the evidence equally,
including the testimony of defense witnesses and the existence of alternate hypotheses. We do not
view the evidence in the light most favorable to the prosecution as in legal-sufficiency review. 
We will sustain appellant's point of error only if the finding of the robbery element is so against
the overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis, slip op.
at 11, 15; Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely
filed). 

 Contrary to appellant's assertion, the State did not rely solely on his act of shooting
Altpeter to show that a robbery occurred. Jennifer Cindrich testified that appellant twice told her
of his intention to kill Altpeter and take his money, so that he and Cindrich could go out and
party. This testimony alone provides legally and factually sufficient evidence to support the
conclusion that appellant formed the intent to take Altpeter's wallet and credit cards prior to
murdering him. Accordingly, we conclude that the evidence is legally and factually sufficient to
establish murder in the course of robbery, as opposed to murder followed by theft. We therefore
overrule points of error one and two. 

 In his third point of error, appellant attacks the factual sufficiency of the evidence
establishing robbery on the grounds that such evidence was supplied by Cindrich, a "suspect
witness." He claims that her testimony cannot be considered credible because the State impeached
her during her testimony. Because her testimony cannot be believed, appellant claims that his
confession supplies the only evidence explaining his possession of Altpeter's belongings. In the
confession appellant states that when he and Altpeter went shopping on the day of the murder,
Altpeter asked appellant to carry his belongings because he was wearing sweats with no pockets. 
Thus, rather than robbing Altpeter of his belongings, appellant argues that he innocently gained
possession of them well before the murder took place. Appellant argues that his explanation
should be considered credible because he could not have known its significance as a possible
defense when he gave the confession. Appellant also argues for his explanation's legitimacy on
the grounds that it was corroborated by evidence showing that Altpeter was using crutches the day
of the crime.

 Appellant claims that, because Cindrich's testimony establishing the robbery is
unbelievable, and because appellant supplies a credible alternative explanation to the robbery, the
conclusion that appellant robbed Altpeter is against the overwhelming weight of the evidence. By
premising his argument on the relative credibility of the evidence concerning the robbery element,
appellant asks us to substitute our own credibility determinations for that of the jury's. This we
will not do. The jury, not this Court, is the judge of credibility of witnesses and the weight to
be given their testimony. See Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). In
considering appellant's factual sufficiency claim, we ask only whether the verdict is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. Stone, 823 S.W.2d
at 381. We conclude that it was not. While appellant's confession provides one explanation for
his possession of Altpeter's belongings, Cindrich's testimony offers another. The jury's decision
to believe Cindrich, and not appellant, was not against the great weight of the evidence. See
Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987) (jury entitled to accept or reject
all or any part of testimony by witnesses for State or accused). We therefore overrule point of
error three.

 In his sixth point of error appellant asserts that his conviction violates the Texas
double jeopardy and due course of law constitutional provisions. See Tex. Const. art. I, §§ 14,
19. He claims that in his case, the "offense" in question is his act of shooting the victim. He
argues that he has been placed in jeopardy twice for this act because the State used the act to
constitute both murder and robbery and then used it again to constitute capital murder. He
therefore asks us to adopt the following rule of law: Article I, sections 14 and 19 of the Texas
Constitution bar the State from using a single act once to constitute two crimes, then again to
constitute capital murder.

 The Double Jeopardy Clause of the United States Constitution protects against three
distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for
the same offense after conviction; and multiple punishments for the same offense. United States
v. Halper, 490 U.S. 435, 440 (1989). The Court of Criminal Appeals has held that the state and
federal double jeopardy provisions are "conceptually identical." Stephens v. State, 806 S.W.2d
812, 814-15 (Tex. Crim. App. 1990). This Court has accordingly determined that the Texas
double jeopardy guarantee provides no greater rights than does the federal guarantee. Lozano v.
State, 860 S.W.2d 152, 154 n.3 (Tex. App.--Austin 1993, pet. ref'd).

 Because appellant has not been prosecuted twice for this offense, he necessarily
claims that his conviction runs afoul of the double jeopardy clause by putting him in jeopardy of
multiple punishments. Halper, 490 U.S. at 440. Appellant does not explain how he has been
subjected to multiple punishments. Instead, he simply claims that he has been "jeopardized" twice
for the single act of shooting Altpeter because the State used the act to constitute both murder and
robbery, and then used the act again to constitute capital murder. To the extent appellant invites
us to formulate a double jeopardy protection where neither multiple prosecutions nor multiple
punishments are alleged, we decline the invitation. See Ex Parte Davis, 893 S.W.2d 252, 256
(Tex. App.--Austin 1995, pet. filed) (declining to enlarge Texas double jeopardy protections
beyond Fifth Amendment); see also Taylor v. State, 852 S.W.2d 725, 727 (Tex. App.--Corpus
Christi 1993, pet. ref'd) (shared use of criminal act to show attempted murder and to elevate theft
into robbery does not violate double jeopardy). To the extent appellant otherwise claims error by
the State's using the same act of shooting to show a robbery and murder, and then using the
robbery element to elevate the crime to capital murder, the Court of Criminal Appeals has rejected
this very same argument. See Barnard v. State, 730 S.W.2d 703, 708-09 (Tex. Crim. App.
1987), cert. denied, 485 U.S. 929 (1988). The Barnard court determined that a shared element
between robbery and murder in a capital murder prosecution created no infirmity in light of the
legislative intent to allow for greater punishment when murder occurs during the commission or
attempted commission of a robbery. Id. Because we find the present case indistinguishable from
Barnard, we overrule appellant's sixth point of error.

 In his ninth point of error appellant alleges the trial court erred by failing to grant
his challenge for cause against venireperson Sharon Dobbins. During voir dire examination
Dobbins approached the trial court with the concern that she might be predisposed against
appellant because twenty years prior her brother had been robbed and killed in a situation similar
to the present case. During questioning by appellant, the State, and the court Dobbins said that
she thought she could separate her bias and be a fair juror; she stated unequivocally that she would
follow the court's jury instruction. When asked whether she could consider five years' probation
for the lesser included offense of murder, she answered that she generally would not be in favor
of it but could consider it in some circumstances. The trial court overruled appellant's challenge
for cause and denied his request for an additional peremptory strike. 

 Appellant argues that the trial court erred in overruling his challenge for cause
because Dobbins expressed bias against appellant. See Tex. Code Crim. Proc. Ann. art.
35.16(a)(9) (West 1989). Upon challenge for cause, a trial court should remove a venireperson
whose "views would prevent or substantially impair their duties as jurors to act in accordance with
the trial judge's instructions and the oaths taken by the jury." See Kemp v. State, 846 S.W.2d
289, 295 (Tex. Crim. App. 1992), cert. denied, 113 S. Ct. 2361 (1993). When reviewing this
issue on appeal we give great deference to the determination of the trial judge, who was in the best
position to observe the responses of prospective jurors and evaluate their demeanor. Id. A trial
court's ruling on a challenge for cause will be reversed only when the record shows a clear abuse
of discretion. Cooks v. State, 844 S.W.2d 697, 709 (Tex. Crim. App. 1992), cert. denied, 113
S. Ct. 3048 (1993). In examining the record we review the testimony of the questioned
venireperson in its entirety. Id. 

 Based on the foregoing standard of review, we conclude that the trial court did not
abuse its discretion in overruling appellant's challenge for cause. Although Dobbins never
unequivocally stated that she knew she could separate her bias from her deliberations, she did state
that she thought she could be fair. She told the trial court that she would follow the court's
instructions, and that she would not vote to convict unless the State proved its case beyond a
reasonable doubt. While she expressed an inclination against probation for a defendant convicted
of murder, she did say that she could consider probation for murder in some circumstances. The
trial court could have reasonably concluded that, based on these answers, Dobbins's experience
would not substantially impair her ability to comply with the court's instructions, and that she
could follow her oath taken as a juror. We overrule point of error nine.

 Having overruled all of appellant's points of error, we affirm the judgment of
conviction.


 

 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: March 13, 1996

Do Not Publish 
1. This offense was committed in December 1992, and is governed by the law in effect at
that time. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705. 
Because subsequent Code amendments have no substantive effect on this offense, we cite the
current Code for convenience.
2. In appellant's confession, he claims he told Cindrich of the killing when he first arrived
at her apartment.



s very same argument. See Barnard v. State, 730 S.W.2d 703, 708-09 (Tex. Crim. App.
1987), cert. denied, 485 U.S. 929 (1988). The Barnard court determined that a shared element
between robbery and murder in a capital murder prosecution created no infirmity in light of the
legislative intent to allow for greater punishment when murder occurs during the commission or
attempted commission of a robbery. Id. Because we find the present case indistinguishable from
Barnard, we overrule appellant's sixth point of error.

 In his ninth point of error appellant alleges the trial court erred by failing to grant
his challenge for cause against venireperson Sharon Dobbins. During voir dire examination
Dobbins approached the trial court with the concern that she might be predisposed against
appellant because twenty years prior her brother had been robbed and killed in a situation similar
to the present case. During questioning by appellant, the State, and the court Dobbins said that
she thought she could separate her bias and be a fair juror; she stated unequivocally that she would
follow the court's jury instruction. When asked whether she could consider five years' probation
for the lesser included offense of murder, she answered that she generally would not be in favor
of it but could consider it in some circumstances. The trial court overruled appellant's challenge
for cause and denied his request for an additional peremptory strike. 

 Appellant argues that the trial court erred in overruling his challenge for cause
because Dobbins expressed bias against appellant. See Tex. Code Crim. Proc. Ann. art.
35.16(a)(9) (West 1989). Upon challenge for cause, a trial court should remove a venireperson
whose "views would prevent or substantially impair their duties as jurors to act in accordance with
the trial judge's instructions and the oaths taken by the jury." See Kemp v. State