Cause No. _____**1578-14**_____

IN THE

**TEXAS COURT OF CRIMINAL APPEALS**

DARRELL DEWAYNE SNEED     §
Petitioner
                          § TRIAL COURT CASE #F11-60730-Y
vs.                       §

THE STATE OF TEXAS        § COURT OF APPEALS #05-12-01061-CR
Respondent                §

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 31 2014

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

DEC 31 2014

Abel Acosta, Clerk

**PETITION FOR DISCRETIONARY REVIEW**

Darrell Dewayne Sneed #1800663
Alfred Stringfellow Unit
1200 F.M. 655
Rosharon, Texas 77583

## IDENTITY OF PARTIES

Trial Judge Michael Snipes
Criminal District Court No. 7
Frank Crowley Courts Bldg.
133 River Front Blvd.
Dallas, Texas 75207-4313


Prosecuting Attorneys
Ms. Stephanie Mitchell
Ms. J. Chris Hawkins
133 N. Riverfront 9th Floor, LB19
Dallas, Texas 75207-4313


Public Defenders
Mr. Christopher Thompson/Mr. Phillip Hays
133 N. Riverfront 9th Floor, LB2
Dallas, Texas 75207-4313


Riann C. Moore
133 N. Riverfront, 9th Floor, LB2
Dallas, Texas 75207-4313

## TABLE OF CONTENTS

PAGE #

IDENTITY OF PARTIES....................................... i

TABLE OF CONTENTS......................................... ii

INDEX OF AUTHORITIES...................................... iii-iv

I. STATEMENT OF THE CASE.................................. 1

II. STATEMENT OF PROCEDURAL HISTORY...................... 1, 2

III. GROUNDS FOR REVIEW.................................. 3

    1. PROSECUTORIAL MISCONDUCT - REVEALING PRIOR CRIMINAL HIS-
       DURING READING OF THE CHARGES

    2. LEGAL AND FACTUAL INSUFFICIENCY OF EVIDENCE

    3. VIOLATION OF BRADY RULE-WITHHOLDING FAVORABLE EVIDENCE
       FROM JURY

    4. PROSECUTORIAL MISCONDUCT-ELICITING HEARSAY TESTIMONY

    5. INEFFECTIVE ASSISTANCE OF COUNSEL

    6. ABUSE OF DISCRETION BY TRIAL JUDGE-FAILING TO GRANT
       MOTION FOR DIRECTED VERDICT

    7. ABUSE OF DISCRETION BY TRIAL JUDGE-INTERFERRING WITH
       DEFENSE ATTORNEY/BIAS

IV. ARGUMENT.............................................. 3,11

PRAYER FOR RELIEF......................................... 11

VERIFICATION............................................. 12

CERTIFICATE OF SERVICE................................... 12

**CASE LAW**          INDEX OF AUTHORITIES          PAGE #

**STATUTES, RULES, CASELAW**

28 U.S.C. § 1746...................................................... 9

28 U.S.C. § 2254...................................................... 12

**SUPREME COURT CASES**

Barker v. Wingo, 92 S.Ct. 2182 (1972)............................ 10

Blackburn v. Alabama, 80 S.Ct. 174 (196)........................ 4

Francis v. Bacon, 105 S.Ct. 1965 (1985)......................... 3

Haines v. Kerner, 92 S.Ct. 594 (1972)........................... 3

Michigan v. Gallagher, 103 S.Ct. 1189 (1988).................... 4

Roberts v. Ohio, 100 S.Ct. 2531 (1981).......................... 8

Rose v. Clark, 106 S.Ct. 3101 (1986)............................ 11

Runyan v. U.S., 113 S.Ct. 137 (2002)............................ 9

Singer v. U.S., 85 S.Ct. 783 (1965)............................. 11

Strickland v. Washington, 104 S.Ct. 2052 (1984)................ 11

Weatherford v. Bursey, 97 S.Ct. 837 (1977)...................... 11

**FEDERAL REPORTER**

Pamplin v. Mason, 364 F.2d 1 (5th Cir 1966)..................... 10

Runyan v. U.S., 290 F.3d 223 (5th Cir 2002).................... 9

Wiggins v. Procunier, 753 F.2d 1318 (5th Cir 1985)............. 3

**STATE STATUTES, RULES, CASELAW**

Texas Penal Code § 22.01........................................ 5

Texas Penal Code § 22.02........................................ 5

Texas Penal Code § 30.02(a)..................................... 5

Texas Rules Appellate Procedure § 68.1.......................... 1

Texas Rules Evidence Rule 803(22)............................... 3, 4

**STATE STATUTES, RULES, CASELAW**

**SOUTHWEST REPORTER**

Anderson v. State, 871 S.W.2d 900 (Tx.Cr.App. 1994)............... 5

Bignall v. State, 887 S.W.2d 21 (Tx.Cr.App. 1994)................. 7

Bohnet v. State, 938 S.W.2d 532 (Tx.App.-Austin 1997)............. 7

Clewis v. State, 992 S.W.2d 126 (Tx.Cr.App. 1996)................ 4, 6

Gaffney v. State, 937 S.W.2d 540 (Tx.App.-Texarkana 1996)........ 5, 7

McElhaney v. State, 899 S.W.2d 15 (Tx.App.-Tyler 1995)........... 7

Rosales v. State, 932 S.W.2d 530 (Tx.App.-Tyler 1995)............ 11

Royal v. State, 944 S.W.2d 33 (Tx.App.-Texarkana 1997)........... 5

Saunders v. State, 840 S.W.2d 390 (Tx.Cr.App. 1992).............. 7

Cause No. _____

| | | |
|---|---|---|
| DARRELL DEWAYNE SNEED<br>Petitioner | § | |
| | § | |
| vs. | § | TRIAL COURT CASE #F11-60730-Y |
| | § | COURT OF APPEALS CASE #05-12-01061-CR |
| THE STATE OF TEXAS | § | |
| Respondent | § | |

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Darrell Dewayne Sneed, Petitioner, pro-se, in the above styled and numbered cause, and respectfully files this Petition For Discretionary Review pursuant to Rule 68.1 T.R.A.P., and would show the Honorable Court the following:

## I. STATEMENT OF THE CASE

On 10 July, 2011, at the 203rd Judicial District Court of Dallas County, Texas, the Petitioner was convicted of unlawfully, intentionally, and knowingly entered a habitation without the effective consent of Tamikah Coffee. He was furthermore convicted of committing bodily injury, family violence enhanced, by a jury. The trial judge sentenced the Petitioner to imprisonment in the Texas Department of Criminal Justice-Correctional Institutional Division (herein after TDCJ-CID), for (30) thirty years. Due to numerous violations of the Petitioner's due process rights, this appeal follows.

## II. STATEMENT OF PROCEDURAL HISTORY

(1)   The Court of Appeals - Fifth District of Texas at Dallas affirmed the conviction on October 30, 2014.

(2)    No Motion for Rehearing was filed.

NOTE: Oral Argument is not requested.

### III. GROUNDS FOR REVIEW

1.    Was it Prosecutorial Misconduct for the prosecutor to read to the Jury of defendant's prior criminal history during the reading of the charges and indictment to the jury? (R.R. Vol. 5 of 7, pg. 5, ln 20 - ln 3).

2.    Did the prosecution legally and factually prove the case against the defendant beyond a reasonable doubt as required by law?

3.    Was defendant's due process rights violated when a police report favorable to the defendant withheld by the Court due to inability of its author to appear to testify, considering it is official State record? (R.R. Vol. 6 of 7, pg. 39, lns 10 - pg. 40, ln 16).

4.    Was it prosecutorial misconduct for the prosecutor to elicit hearsay testimony of a State's witness in violation of the Rules of Evidence? (R.R. Vol. 6 of 7, pg. 30, ln 1 - pg. 31, ln 5).

5.    Was it ineffective assistance of counsel for defense counsel's multiple failures in rendering effective assistance of counsel at the trial? During the trial he failed to object to prosecutor reading prior criminal history at start of guilt/innocence phase of trial, (R.R. Vol. 5 of 7, pg. 5, ln 20 to pg. 6, ln 3); failure to argue the Motion for a Directed Verdict when prosecutor failed to prove each essential element of the charges (R.R. Vol. 6 of 7, pg. 43, ln 15-16); failed to object to trial judge not giving him proper amount of time for closing argument in guilt/innocence phase of trial (R.R. Vol. 6 of 7. pgs 45, ln 14 - pg. 46, ln 4); failure to hold the State to their burden of proof.

6.    Was it abuse of discretion by trial judge to fail to hold the prosecutor to his burden of proving every essential element of the charges beyond

a reasonable doubt?

7. Did trial judge abuse his discretion in forcing the defense attorney to give his closing arguments in the guilt/innocence phase of the trial within a five minute time period despite protests of the defense attorney? (R.R. Vol. 6 of 7, pg. 45, ln 15 - pg. 46, ln 4)

## NOTICE

The Petitioner is not trained in the science of law and prays this Honorable Court not to hold him to the same stringent standards as a licensed attorney pursuant to: **Haines v. Kerner**, 92 S.Ct. 594 (1972) and **Wiggins v. Procunier**, 753 F.2d 1318 (5th Cir 1985).

## IV. ARGUMENT

### 1. PROSECUTORIAL MISCONDUCT

According to Rule 803, Hearsay Exceptions, (22) Judgement of Previous Conviction,'...In criminal cases, evidence of a judgement, entered after trial or upon a plea of guilty or nolo contendere, adjudjing a person guilty of a criminal offense, to prove any fact essential to sustain the judgement of conviction, but not including when offered by the State for purposes other than impeachment, judgements against persons other than the accused.'

In the instant case at bar, when the Jury was seated, the prosecutor read the charges to the Jury including prior domestic violence enhancement. (R.R. Vol. 5 of 7, pg. 5, ln 20 - pg. 6, ln 3).

"Foregoing constitutional principle prohibits state from using evidentiary presumptions in a jury charge that have the effect of relieving state of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." U.S.C.A. 14, **Francis v. Bacon**, 105 S.Ct. 1965 (1985).

The trial court judge did catch the error and held a hearing outside the presence of the Jury. It was denied not to tell the Jury to disregard the

-3-

error in hopes they did not hear or comprehend it. (R.R. Vol. Supplemental Volume, pgs. 11, ln 5, through pg. 13, ln 9).

To just ignore the error does not correct it. It should be further noted, the trial judges statement on page 11, lines 6-7, "This is a hearing on what appears to be, _again_, a possibly significant error." The Petitioner, who is not a lawyer trained in the science of law, and whom has only been given limited trial records must ask this Court, "What other violations of the Petitioner's constitutional rights has this judge arbitrarily covered up? And was the court appointed counsel a party to it?"

The guilt/innocence phase of the trial begins with testimony of the Petitioner's prior convictions - Not impeached - as required under Rule 803 (R.R. Vol. 5 of 7, pg. 9 - 12). "Due process clause of the 14th Amendment to the federal constitution forbids fundamental unfairness in use of evidence, whether true or false, in criminal prosecution." **Blackburn v. Alabama,** 80 S.Ct. 174 (1960).

"The Court is abliged to grant a new trial where the error is such as to deprive the accused of a fair and impartial trial, as in the case which might have affected the verdict." **Michigan v. Gallagher,** 103 S.Ct. 1189 (1988) When the first thing heard by the jury was two prior convictions, both the same nature as the instant charges, conviction was a foregone conclusion.

2. **LEGAL AND FACTUAL INSUFFICIENCY OF EVIDENCE**

In the instant case at bar, the Petitioner argues the prosecution failed to prove every essential element of the charge of assault causing bodily injury, and burglary of a habitation - family violence enhanced.

"When an appellant challenges the legal and factual sufficiency of the evidence, we first determine whether evidence adduced at the trial is legally sufficient to support the verdict." **Clewis v. State,** 992 S.W.2d 126, 135(Tex.

-4-

Crim.App. 1996); **Gaffney v. State**, 937 S.W.2d 540, 541 (Tx.App.-Texarkana 1996, pet. ref'd). "The standard for reviewing the legal sufficiency of the evidence is whether, after reviewing the evidence most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." **Royal v. State**, 944 S.W.2d 33, 35 (Tx.App.-Texarkana 1997, pet. ref'd); **Gaffney**, supra, at 541. "If there is any evidence that would establish guilt beyond a reasonable doubt, the conviction will not be reversed." **Anderson v. State**, 871 S.W.2d 900, 902 (Tx.Cr. App. 1994).

Burglary of a habitation under Texas Penal Code, § 30.02(a)(Vernon 1994) states in part, "entering a habitation and committing or attempting to comit a felony." And under Texas Penal Code, § 27.02 (Vernon 1994), "Aggravated assault is an act where a person intentionally, knowingly, or recklessly causes serious bodily injury to another or uses or exhibits a deadly weapon during commission of an assault." Texas Penal Code, § 22.01 (Vernon 1994) states, "An assault is an act where a person intentionally, knowingly, or recklessly causes bodily injury to another or threatens another with imminent bodily injury."

The testimony from the alleged victim was that the defendant and the Plaintiff had an on again/off again sexual relationship. (R.R. Vol. 5 of 7, pg. 24 through pg. 25). She says it was the first time he had come to her house (pg. 26, ln 4-5), yet says he left some property at her home, (pg. 29, lns 7-11). She says she opened the door a little ("about a foot") and handed him his bag. She then testified he had stayed at her house a total of ten days. (pg. 30, ln 8). She later states she saw him looking past her, so she opened the door another foot and said, "You can look in here. There's nobody in here, Darrell. I just don't want you anymore." (Vol 5 of 7, pg.

-5-

31, lns 7-10). This statement could have easily sounded like an invitation to come inside and look around. Hardly entering a habitation to commit a felony or attempting to commit a felony. There was then an attempt to enter the habitation. Not before the invitation. There was no entry.

During the pushing and shoving, the door struck the Plaintiff on her head. (pg 33, lns 24-25). In the Supplemental Brief, page 14, lns. 6-11, the alleged victim admits <u>she</u> hit her head on the door. There was no intent by the defendant to cause any bodily injury, and the prosecution failed to prove every essential element of the charge. This the state failed to do. In fact, when the defense counsel motioned for a directed verdict, the trial judge made the comment "I'm going to deny the motion, although I must say, it's just very narrow." (Supplemental Vol., pg. 43, lns 15-16). When one stops to consider the situation, to enter the door one pushes it open, not shut. The Plaintiff injured both sides of her head from slamming her own body in the door. Note the position of the injury in Exhibit Volume pages 27-29.

Can you blame the defendant for a self-inflicted injury? Had the Petitioner been afforded adequate representation, this point would have been highlighted. Thus, legal sufficiency was not proven in the slightest.

Nor was the case of entering in the residence, or assault proved as required by law.

"In conducting a factual sufficiency review, we review the fact finder's weighing of the evidence in an appropriately deferential way to avoid substituting our judgement for that of the fact finder." <u>Clewis</u>, supra, at 135. "We review all evidence without the prism of "in the light most favorable to the prosecution, and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust." <u>Clewis</u>, supra, at 135. "If we find rthe evidence factually insufficient,

we reverse and remand the cause for a new trial." **Gaffney**, supra, at 541. "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." **Bignall v. State** , 887 S.W.2d 21 (Tx.Cr.App. 1994).

"There are two ways in which the evidence may raise the issue of a lesser included offense. First there may be evidence which refutes or negates evidence of the greater offense." **Saunders v. State**, 840 S.W.2d 390, 391 (Tx.Cr. App. 1992). "Second, there may be evidence subject to different interpretations implicating the lesser included offense." Id., at 392. "The determination of whether these offenses are lesser included offenses of burglary of a habitation must be made on a case by case basis, because lesser included are defined in terms of the facts of the case as well as the terms of the offense." **Bohnet v. State**, 938 S.W.2d 532 (Tx.App.-Austin 1997, pet. ref'd). "The second prong of the test requires an examination of the record to see whether it presents an alternative factual scenario which, if believed, would support a finding of the lesser offense." **McElhaney v. State**, 899 S.W.2d 15, 18 (Tx.App.-Tyler 1995, pet.ref'd, untimely filed).

So the question is, does the record contain evidence that if guilty, he is guilty of only simple assault, and therefore criminal trespass.

An examination of the lesser included offense definition is:

1. Burglary of a habitation with intent to commit misdemeanor assault.

2. Assault/enhanced, which is a third degree felony of assault/enhanced is intentionally, knowingly, or recklessly causing bodily injury to another.

3. Reckless, or simple assault for just disregarding the fact that he hit her with the door.

What was not proven, that is an essential element of all the offense descriptions is intentionally, knowingly or recklessly causing bodily injury to another. Had the Petitioner intended to assault the Plaintiff, would

it not have been easier for him to simply strike her in the face, or simply knock her to the floor? He was bigger than the Plaintiff and stronger. The fact is the Plaintiff had her head stuck outside the door when she hit herself on both sides of her head (NOTE the same place on both sides of the head) while trying to slam it shut. It would not be possible for the defendant to try to enter the home by closing the door.

3. **DENIAL DUE PROCESS - WITHHOLDING EVIDENCE FAVORABLE TO PETITIONER**

During the trial a police report from Officer Sain was produced. When the defense counsel attempted to have a supervisor of Officer Sain testify to its contents, the Court refused to allow it. Officer Sain was deployed to the Middle East and could not appear to testify. The prosecutor produced documents verifying his deployment. The trial court refused to allow the defense to question Officer Sain's supervisor on what was in the police report.

In **Roberts v. Ohio**, 100 S.Ct. 2531 (1980), the Supreme Court discussed the confrontation issues raised by hearsay and directed the following requirements be met before an out-of-court statement should be admitted.

In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable, and then his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of articularized guarantees of trustworthiness." **Roberts**, supra, at 2531.

The police officer is considered a trustworthy official. Officer Sain had no personal interests in the case. His police report was an official document, is normally used at any crime scene, and does record the police

officer's daily contacts with incidents he is called to investigate. The only true reason the prosecutor did not want it shown to the jury and read at trial was it proved the Plaintiff lied on the witness stand. As already shown, she changed her testimony even on the witness stand. Under the Confrontation Clause, the Petitioner has a constitutional right to have the jury hear and see what Officer Sain wrote in the official police report. Note, the Court Reporter failed to provide a copy of Report Exhibit I for the trial transcripts.

"...if the applicant challenges the sufficiency of evidence adduced in such state court proceedings to support the state court's determination of a factual issue made therein, the Applicant, if able, shall produce the State Court's part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If Applicant, because of indigency or other reasonis unable to produce such part of the record, the appropriate official shall do so." 28 U.S.C. § 2254(B)(f).

The Petitioner has no source of income, and no way to procure a copy of Record Exhibit I.

"Evidence is material under Brady when there is reasonable probability that the outcome of the trial would have been different if the suppressed evidence been disclosed to the [jury]." **Runyan v. U.S.**, 290 F.3d 223, reh.den. 37 Fed.Appx. 93; cert.denied, 113 S.Ct. 137 (5th Cir 2002).

4. **ABUSE OF DISCRETION OF TRIAL JUDGE**

"The State has a duty is insuring that the trial is consistant with due process." **Barker v. Wingo**, 92 S.Ct. 2182 (1972).

During this entire trial the trial judge disregarded the Petitioner's right to a fair and impartial trial. He himself acted as the State's advocate. Note he himself mentions, "This is a hearing on what appears to be,

again, a possible significant error." (R.R. Vol. Supplemental Vol. pg. 11, ln 6-8). In the Supplement Vol., pg. 43, during the hearing on Motion For Directed Verdict the Judge himself stated "Okay. What I'm concerned about is the INTENT to commit assault in this particular case." Lines 10-11. The State did not prove the essential element of "intent to commit assault," yet the Judge denied the Motion stating, "I'm going to deny the motion, although I must say it's just very narrow."

Then when the Court Judge asked how much time was needed for final argument, defense counsel stated "Ten Minutes." The Judge then protested, saying "You need that much." The State said they'd do it in "five." Defense lawyer said, "Really five, I mean, with these short cases." Not concerned with defendant's right to effective assistance of counsel, the trial judge stated, "Had a one-witness case, really. Okay. I want this case to go to the jury by lunchtime." Defense counsel's response, "Five will be fine." (Supplemental Vol. pgs. 45-46). Further note that the defense counsel took less than five minutes and failed to argue any points of evidence to the jury, while the prosecution took ten minutes. No objection from the Judge. (See R.R. Vol. 6 of 7, pgs. 6-9 (state); 9-10 lns. 23- (defense) pages 10-16 (state). Approximately 1 page for the defense and 10 pages of argument for the prosecutor.

"Requirement of impartiality in criminal trial includes entire atmosphere in which the trial is conducted." **Pamplin v. Mason**, 364 F.2d 1 (5th Cir 1966).

In the Supplemental Vol. pgs. 44-45, the charges to be presented to the Jury hadn't even been given a proper review. Note, the Court Reporter did not bother to print the Court's charge in R.R. Vol. 6, pg. 5, ln 20, so it is unknown if it was even correct.

-10-

"Trial Court has responsibility of conducting orderly trial and making record; requiring attorneys to waive or object is within parameter of proper comment." **Rosales v. State**, 932 S.W.2d 530, pet.ref'd. (Tx.App.-Tyler 1995).

This trial was not within the parameters set by the Supreme Court or the U.S. Constitution. **Rose v. Clark**, 106 S.Ct. 3101 (1986); **Weaterford v. Bursey**, 97 S.Ct. 837 (1977); **Singer v. U.S.**, 85 S.Ct. 783 (1965).

## INEFFECTIVE ASSISTANCE OF COUNSEL

This attorney failed to investigate, failed to argue the essential elements of the charges, failed to procure alternate witnesses or a tele-conference with Officer Sain, a key defense witness; failed to argue the Motion For Directed Verdict; failed to render effective assistance of counsel throughout the trial.

Under **Strickland v. Washington**, 104 S.Ct. 2052 (1984) Supreme Court standards, the Petitioner was denied effective assistance of counsel.

## PRAYER FOR RELIEF

WHEREFORE, ALL PREMISES CONSIDERED, because the prosecution did fail to prove the essential element of intent; withheld the favorable police report from the jury; prosecution's illegal introduction of prior criminal history during reading of the charges; prosecution eliciting hearsay testimony of State witness; biased judge on the bench affecting the defense counsel's ability to represent his client; and ineffective assistance of counsel.

The Petitioner prays this Honorable Court hold its own evidentiary hearing, especially on the contents of Record Exhibit Number I, to determine if the Petitioner has proved his allegations, and GRANT a reversal of the conviction, and grant him a new trial.

Respectfully Submitted, _Darrell D. Sneed_ #1800663

Darrell Dewayne Sneed, TDCJ-CID #1800663
Mac Stringfellow Unit, 1200 F.M. 655

-11-

Rosharon, Texas 77583

## VERIFICATION

I, Darrell Dewayne Sneed, Petitioner, pro-se in the above styled and numbered Petition For Discretionary Reviw do hereby verify and declare under penalty of perjury, that the statements contained in this P.D.R. are true and correct. Affirmation made pursuant to 28 U.S.C. § 1746.

EXECUTED on this the 15 day of December , 2014.

Darrell Dewayne Sneed, TDCJ-CID #1800663
Petitioner, Pro-Se

## CERTIFICATE OF SERVICE

I, Darrell Dewayne Sneed, being currently incarcerated in the TDCJ-CID in Brazoria County, Texas, do hereby certify that a copy of this Petition For Discretionary Review has been served by placing the same in the Internal Mailing System at the Stringfellow Unit, an approved recepticle of the U.S.M.S. a true and correct copy, postage prepaid, first class mail, addressed to the following:

Dallas County District Attorney
Frank Crowley Courts Building
133 N. Riverfront Blvd., 9th Floor LB19
Dallas, Texas 75207

AND TO

State Prosecuting Attorney
P.O. Box 12405, Capitol Station
Austin, Texas 78711

-12-

EXECUTED on this the 15 day of December , 2014.

Darrel Dewayne Sneed, TDCJ-CID #1800663

Petitioner, Pro-Se

Affirmed and Opinion Filed October 30, 2014



In The

### Court of Appeals
### Fifth District of Texas at Dallas

---

No. 05-12-01061-CR

---

DARRELL DEWAYNE SNEED, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F11-60730-Y

---

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Francis

A jury convicted Darrell Dewayne Sneed of burglary of a habitation, and the trial court assessed punishment at thirty years in prison. In two issues, appellant challenges the legal sufficiency of the evidence to support his conviction and the assessment of court costs. We affirm.

Tamika Coffee and appellant began dating in September 2010. By the fall of 2011, Coffee wanted to end the relationship. On October 6, appellant came to her house uninvited and knocked on the door for several minutes. Coffee did not answer the door. Appellant left and then called Coffee on her cell phone. She did not answer. An hour later, appellant returned to Coffee's home and again began knocking on her door. Coffee had a bag containing personal items that appellant had previously left at her house. Thinking he might want his belongings,

Coffee grabbed the bag and opened the door "about a foot" so that she could hand it to him. Appellant said he wanted to talk, but Coffee told him it was over and she did not want anything else to do with him. When she noticed appellant looking past her into her house, she opened the door "about another foot" so that he could see no one was with her and understand she just did not "want" him anymore. When Coffee tried to close the door, appellant had placed his foot in the doorway. She told appellant to move his foot, but he "stood there solid." When she told him again, she said he made a motion to "like, step on in" and she tried to push him out. The two struggled over the door, and as appellant tried to push it open, the door hit Coffee in the head and injured her. (Photographs depicting the injury were admitted into evidence.) Coffee said she pushed appellant as hard as she could, which caused him to lift his foot, and Coffee was able to slam the door and lock it.

After locking the door, Coffee said she heard nothing. She looked out her front window, but did not see appellant. She was worried he might try to break in the back, so she got her weapon, a 32-caliber revolver, and checked the back. She did not see appellant there. She then went outside to check a vehicle in the front and saw appellant walking toward the highway and away from her home. At the same time, her phone rang. Coffee answered, and appellant said he wanted to talk to her. Coffee told him to leave her alone. Appellant immediately turned around and started walking toward her home at a "speedy pace." Coffee called 911. While she was on the front porch talking with the police dispatcher, appellant approached from a blind spot and attacked her. Coffee pulled the trigger on her gun twice, and he backed away. When appellant rushed her again, she fired twice more.

In his first issue, appellant complains the trial court erred by denying his motion for directed verdict because there is "no evidence he entered the habitation with the intent to commit

assault." Instead, he argues, the evidence shows that he wanted to talk with Coffee and "was trying to look inside the residence to ascertain if anyone else was present."

A complaint about the denial of a motion for directed verdict is treated the same as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Evidence is legally sufficient when, viewed in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits burglary if, without the effective consent of the owner, he (1) enters a habitation, or a building not then open to the public, with intent to commit a felony, theft, or an assault; or (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault. *See* TEX. PENAL CODE ANN. § 30.02(a)(1–3) (West 2011). Habitation is defined as "a structure . . . that is adapted for the overnight accommodation of persons and includes (A) each separately secured or occupied portion of the structure . . . and (B) each structure appurtenant to or connected with the structure . . . . *Id.* § 30.01(1)(A), (B). Enter is defined as to intrude "any part of the body" or "any physical object connected with the body." *Id.* § 30.02(b).

In this case, the indictment alleged appellant entered Coffee's habitation without her consent and committed assault causing bodily injury/family violence enhanced, a violation of subsection (3). *See id.* § 30.02(a)(3). The application paragraph of the jury charge tracked the

language of the indictment.[1] The basis of appellant's complaint, however, is that the evidence was not sufficient to prove he entered the residence with the intent to commit assault, which is a violation under section 30.02(a)(1). While the intent to commit a felony or theft must exist at the moment of the entry under subsection (a)(1), the attempted or completed theft or felony required by subsection (a)(3) "supplants the specific intent which accompanies entry in §§ 30.02(a)(1) and (2)[.]" *See DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988). Because appellant was not charged under subsection (a)(1), the State was not required to prove that appellant intended to commit an assault at the time he entered the residence. *See id.* & n.4. Rather, the State had to prove appellant entered Coffee's habitation without her consent and assaulted her.

Viewed in the light most favorable to the verdict, the evidence showed appellant went to Coffee's house uninvited, knocked on the door for several minutes, and left when she would not answer. He returned an hour later, again knocking, and Coffee opened the door to give him property he had left at her house. She told appellant their relationship was over. When she tried to close the door, he intruded a part of his body, his foot, into the habitation by placing it in the doorway. As appellant pushed on the door to open it further, the door hit Coffee in the head and caused her bodily injury. From these facts, a rational jury could have found, beyond a reasonable doubt, that appellant intentionally or knowingly entered Coffee's habitation without her consent and committed assault causing bodily injury/family violence enhanced. We overrule the first issue.

In his second issue, appellant contends the evidence is insufficient to support the trial court's assessment of court costs in the judgment because the clerk's record does not contain a bill of costs. A supplemental clerk's record was filed, prior to the filing of appellant's brief,

---

[1] We note that the jury charge referred to the offense as "burglary of a habitation with intent to commit felony assault/family violence enhanced." The application paragraph, however, correctly set out the elements of subsection (a)(3) and tracked the language of the indictment.

containing the bill of costs. Appellant raises no other complaint. We overrule the second issue.

We affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47
121061F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARRELL DEWAYNE SNEED, Appellant

No. 05-12-01061-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F11-60730-Y.
Opinion delivered by Justice Francis;
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 30, 2014.